[No. B152966. Second Dist., Div. Five. Aug. 14, 2002.]

PFEIFFER VENICE PROPERTIES, Plaintiff and Respondent, v.
SHEILA BERNARD et al., Defendants and Appellants.

**COUNSEL**

ACLU Foundation of Southern California, Daniel P. Tokaji, Mark Rosenbaum; David Etezadi; and Edward I. Sands for Defendants and Appellants.

Irell & Manella, Gregory R. Smith, Allan J. Abshez and Andrew K. Fogg for Plaintiff and Respondent.

**OPINION**

**ARMSTRONG, J.**—Defendants Sheila Bernard, Laura Ponce, and the Lincoln Park Tenants Association (LPTA) appeal the trial court's denial of their

motion for attorney fees under Code of Civil Procedure[1] section 425.16, subdivision (c). Defendants had brought a SLAPP (strategic lawsuit against public participation) motion, contending that this lawsuit was a SLAPP action within the meaning of section 425.16, subdivision (e). At the hearing on that motion, the trial court, sua sponte, dismissed the complaint under the doctrine of de minimis non curat lex, and invited defendants to move for their attorney fees. At the hearing on the latter motion, the trial court determined that, having dismissed the action, it was without jurisdiction to award defendants their attorney fees. In this the court was mistaken. Consequently, we reverse.

### FACTS AND PROCEDURAL HISTORY

On September 20, 2000, the four companies that own Lincoln Place, including Pfeiffer Venice Properties, LLC (Pfeiffer), sued 12 tenants or former tenants of Lincoln Place, as well as the LPTA, seeking $25,000 in damages plus punitive damages. The complaint included causes of action for negligent and intentional interference with economic advantage, vandalism, conspiracy, and unfair competition. Briefly, the facts underlying the complaint concerned Pfeiffer's notice to certain tenants to vacate their parking spaces for purposes of construction. The LPTA encouraged affected tenants to send Pfeiffer a letter which stated: "If you want us to vacate our parking spaces, you must go through a legal process to do so." In addition, certain of Pfeiffer's signs had been removed, and locks broken, which plaintiffs attributed to the actions of defendants.

On November 2, 2000, defendants filed a joint demurrer and motion to strike portions of the complaint. At that time, they also notified plaintiffs in writing of their intention to file a SLAPP motion no later than November 17, 2000, the 60-day deadline prescribed by section 425.16, subdivision (f). On the eve of the November 17 deadline, plaintiffs dismissed all defendants save Bernard, Ponce, and the LPTA. Defendants received notice of that filing on November 28, 2000, 11 days after filing their SLAPP motion.

On December 5, 2000, Pfeiffer filed an amended complaint, together with papers opposing the defendants' demurrer, motion to strike, and SLAPP motion on the original complaint. The amended complaint, filed by Pfeiffer alone, named only Bernard, Ponce and the LPTA as defendants, and repeated the allegations of the original complaint, but abandoned the conspiracy claim. Defendants filed a second SLAPP motion and motion to strike, which came on for hearing on February 26, 2001. At that hearing, the trial court questioned Pfeiffer's motives in filing the lawsuit in the first instance: "Why

---

[1]Further section references are to this code.

would the landlord go to a silk stocking law firm to bring this case in the Superior Court for two broken locks and a sign? . . . [¶] . . . [Y]ou expect the L.A. Superior Court to entertain this case while you do what? Put these people through discovery, take their depositions, send out interrogatories, send out requests for admissions, require that they be present at mandatory settlement conferences, require that they be present for what, a jury trial? . . . [¶] You're going to put them through thousands upon thousands upon thousands of dollars in expense in order to litigate two broken door locks. [¶] Counsel, this is offensive. It's outrageous."

The trial court issued a minute order striking the first amended complaint in its entirety. The order stated: "[L]eaving aside the fact that the declarations in support of these causes of action mainly consist of hearsay and innuendo, it is disturbing that the plaintiff has chosen the forum of the Superior Court, together with the full arsenal of litigation weapons attendant thereto, in order to litigate what is at best a very petty Small Claims case. Quite apart from CCP 425.16, which also applies here, using a blunderbuss to kill a gnat is sufficiently offensive to cause the court to invoke its inherent powers to strike the complaint under the doctrine of de minimis non curat lex, and as improper, frivolous, and abusive." Judgment against Pfeiffer was entered on March 22, 2001.

On March 26, 2001, the trial court issued another minute order entitled "Court's Explanation of Findings in Judgment and Order." Said the court: "In determining that the case was of a de minimis dimension, with damages at the lowest end of the Small Claims range, the court implicitly determined that it lacked jurisdiction over the amount in controversy." The court continued: "This is an extraordinary case in which a large landlord has, in the court's view, improperly asserted the general jurisdictional power of the Superior Court for the purpose of intimidating two individuals from exercising their rights to organize and lead a tenant organization. While the first amended complaint is allegedly directed at extremely petty vandalism, rather than speech per se, the suit is a transparent device obviously brought for the purposes of political intimidation, rather than for the proper redress of a slight grievance." The court invited the defendants to file a motion for attorney fees.

Pfeiffer initially appealed the trial court's judgment striking the amended complaint, but, on August 16, 2001, abandoned its appeal.

On April 27, 2001, defendants filed a motion for attorney fees pursuant to sections 425.16 and 436. Pfeiffer opposed the motion. On June 28, 2001, the trial court issued a minute order ordering both sides to "brief the issue of

attorney's fees in the context of Code of Civil Procedure Section 1021.5." Both sides filed supplemental briefs addressing the issue of attorney fees under section 1021.5.

The attorney fee motion was heard on July 9, 2001. While stating that it was "not entirely happy about the equities," the trial court ruled that it was without jurisdiction to award attorney fees, citing *Hon v. Marshall* (1997) 53 Cal.App.4th 470 [62 Cal.Rptr.2d 11], and denied the motion. Defendants timely appealed.

## CONTENTIONS

 The defendants frame the issue on appeal thus: "The sole question before this Court is whether a defendant who prevails after having filed a SLAPP motion is entitled to recover attorneys' fees under CCP § 425.16(c), where the case is dismissed on other grounds that obviate the necessity of expressly ruling on the pending SLAPP motion." We hold that the trial court has jurisdiction to award attorney fees to a prevailing defendant whose SLAPP motion was not heard solely because the matter was dismissed before defendants obtained a ruling on the SLAPP motion.

## DISCUSSION

Section 425.16, subdivision (b)(1) states: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Subdivision (c) of section 426.16 provides, in part: "In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Thus, the award of attorney fees to a defendant who successfully brings a special motion to strike is not discretionary but mandatory. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131 [104 Cal.Rptr.2d 377, 17 P.3d 735].)

 The trial court cited *Hon v. Marshall, supra,* 53 Cal.App.4th 470 as the basis for its ruling that it lacked jurisdiction to award defendants attorney fees. In that case, the plaintiff sued the defendants, the administrators and chief executive officers of her employer, for, among other things, violation of Government Code section 12940, the Fair Employment and Housing Act (FEHA). The trial court granted defendants summary judgment, concluding that the plaintiff had failed to exhaust her administrative remedies. The

defendants then moved for an award of attorney fees under Government Code section 12965, contending that the plaintiff's "claims of discrimination and harassment were vexatious and frivolous" since she had not complained to the Department of Fair Employment and Housing, a jurisdictional prerequisite to resort to the courts. The trial court awarded the defendants $12,000 for defense of the FEHA cause of action.

The Court of Appeal in *Hon* considered "the narrow question which is apparently one of first impression in this state, whether a defendant who is granted summary judgment because of such a jurisdictional defect qualifies as a 'prevailing party' entitled to an attorney fee award under section 12965." (*Hon v. Marshall, supra,* 53 Cal.App.4th at p. 475.) The *Hon* court reviewed federal cases under title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act, noting that "There is a disinclination on the part of the lower federal courts to award a defendant attorney fees where the plaintiff's action has been dismissed for failing to comply with the jurisdictional prerequisites of a Title VII action, . . ." (*Hon v. Marshall, supra,* 53 Cal.App.4th at pp. 475-476.) The appellate court was particularly persuaded by the reasoning of *Sellers v. Local 1598, Dist. Council 88* (E.D.Pa. 1985) 614 F.Supp. 141: " '[W]hen a complaint is dismissed for lack of jurisdiction, the defendant cannot be a "prevailing party." Defendant has not "prevailed" over the plaintiff on any issue central to the merits of the litigation. It is impermissible for the court to engage in post hoc analysis of the facts. [Citation.] This is what would occur were we to now begin to sift and weigh the "facts" surrounding these . . . claims. They were not before the court and it would be an abuse of discretion to place them before it now.' (*Id.* at p. 144.)" (*Hon v. Marshall, supra,* 53 Cal.App.4th at p. 477.)

*Hon* is, at best, remotely relevant to the issue before us. Not only does that case consider a different standard for the award of attorney fees, but there the award was discretionary, while here, if the standard is met, the award is mandatory. More importantly, the *Hon* decision was based on the "firmly entrenched policy disfavoring attorney fee awards to prevailing defendants" in civil rights cases (*Hon v. Marshall, supra,* 53 Cal.App.4th at p. 476), while the SLAPP statute embodies a legislative determination favoring, and indeed, mandating, the award of attorney fees to prevailing defendants in SLAPP suits. ■ Recent California case law specifically speaks to a court's jurisdiction to rule on an attorney fee motion under the SLAPP statute following dismissal of the action. (*Kyle v. Carmon* (1999) 71 Cal.App.4th 901 [84 Cal.Rptr.2d 303]; *Liu v. Moore* (1999) 69 Cal.App.4th 745 [81 Cal.Rptr.2d 807]; *Coltrain v. Shewalter* (1998) 66 Cal.App.4th 94 [77 Cal.Rptr.2d 600].) We thus turn to the pertinent California cases for an interpretation of section 425.16, subdivision (c).

In *Coltrain v. Shewalter, supra,* 66 Cal.App.4th 94, the plaintiffs voluntarily dismissed their lawsuit against the defendants 10 days after the defendants filed a special motion to strike under the SLAPP statute. The defendants then moved for attorney fees under section 425.16, subdivision (c), or alternatively, under section 1021.5. The trial court awarded fees under the former statute, but not the latter. The plaintiffs appealed, arguing that the defendants were not entitled to fees because they were not "prevailing defendant[s] on a special motion to strike" within the meaning of section 425.16, subdivision (c). The Court of Appeal ruled that "where the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under Code of Civil Procedure section 425.16, subdivision (c)." (66 Cal.App.4th at p. 107.) Moreover, "In making that determination, the critical issue is which party realized its objectives in the litigation. Since the defendant's goal is to make the plaintiff go away with its tail between its legs, ordinarily the prevailing party will be the defendant. The plaintiff, however, may try to show it actually dismissed because it had substantially achieved its goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the probability of success on the merits." (*Ibid.*)

In *Liu v. Moore* (1999) 69 Cal.App.4th 745 [81 Cal.Rptr.2d 807], Division Three of this district's Court of Appeal had occasion to consider anew the issue raised in *Coltrain.* There, the trial court concluded that, because respondents had dismissed their cross-complaint prior to the hearing on appellant's section 425.16 motion to strike, and the motion was taken off calendar as moot, appellant could not be said to be the prevailing party on her motion to strike, and thus was not entitled to attorney fees under the SLAPP statute. Our colleagues in Division Three held that "the trial court's ruling constitutes a nullification of an important part of California's anti-SLAPP legislation. If indeed respondents' cross-complaint against appellant is a SLAPP suit, then the court's decision to not hear the merits of appellant's motion to strike deprives appellant of the monetary relief which the Legislature intended to give her, while at the same time it relieves respondents of the punishment which section 425.16 imposes on persons who use the courts to chill others' exercise of their constitutional rights." (*Liu,* at p. 748.) The court further held that "a defendant who is voluntarily dismissed, with or without prejudice, after filing a section 425.16 motion to strike, is nevertheless entitled to have the merits of such motion heard as a predicate to a determination of the defendant's motion for attorney's fees and costs under subdivision (c) of that section." (*Id.* at p. 751.) Consequently, the court reversed the trial court's order denying the appellant her fees, and remanded for further proceedings on the motion to strike. (*Ibid.*)

*Liu* disagreed with *Coltrain* on the extent to which a plaintiff's reasons for voluntarily dismissing the action bear on the issue of attorney fees. The *Liu* court pointed out that, because the purpose of a SLAPP suit is not to succeed on the merits but to silence the defendants, settlement of such an action would, in some instances, merely mean that the plaintiff had succeeded in chilling the exercise of constitutional rights. (*Liu v. Moore, supra,* 69 Cal.App.4th 745, 752.) *Liu* nevertheless agreed that "a plaintiff's voluntary dismissal of a suit, after a section 425.16 motion to strike has been filed, neither automatically precludes a court from awarding a defendant attorney's fees and costs under that section, nor automatically requires such an award." (*Liu v. Moore, supra,* 69 Cal.App.4th at p. 753.) Under *Liu,* "the trial court's adjudication of the merits of a defendant's motion to strike is an essential predicate to ruling on the defendant's request for an award of fees and costs. An award of these expenses under section 425.16 is only justified when a defendant demonstrates that plaintiff's action falls within the provisions of subdivision (b) and the plaintiff is unable to establish a reasonable probability of success." (*Id.* at p. 752.)

As we read the *Liu* decision, because a defendant who has been sued in violation of his or her free speech rights is entitled to an award of attorney fees, the trial court must, upon defendant's motion for a fee award, rule on the merits of the SLAPP motion even if the matter has been dismissed prior to the hearing on that motion. That conclusion is equally compelling when, as here, the suit is dismissed sua sponte by the trial court as when it is voluntarily dismissed by the plaintiff.

The fee motion is wholly dependent upon a determination of the merits of the SLAPP motion. Thus, the statement in *Coltrain v. Shewalter, supra,* 66 Cal.App.4th at page 107, that "the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under Code of Civil Procedure section 425.16, subdivision (c)," is not accurate. Rather, the trial court is required to rule on the merits of the motion, and to award attorney fees "when a defendant demonstrates that plaintiff's action falls within the provisions of subdivision (b) and the plaintiff is unable to establish a reasonable probability of success. (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 653-655 [49 Cal.Rptr.2d 620].)" (*Liu v. Moore, supra,* 69 Cal.App.4th 745, 752.) As the *Liu* court stated, any other rule would deprive the true SLAPP defendant of statutorily authorized fees, frustrating the purpose of the statute's remedial provisions. (*Id.* at pp. 752-753.)

For the foregoing reasons, we hold that defendants were entitled to a ruling on the merits of their SLAPP motion, the result of which will

necessarily determine their right to attorney fees under section 425.16, subdivision (c). Defendants maintain that the matter need not be remanded for a hearing on the merits of the SLAPP motion, because "the Superior Court's February 26, 2001 minute order expressly acknowledged that section 425.16 applies to Pfeiffer's First Amended Complaint and that Pfeiffer could not possibly establish a probability of prevailing in its 'improper, frivolous and abusive lawsuit.' " This argument ignores the express language of the trial court's March 26, 2001 minute order: "Notwithstanding the court's comments at the time of the hearing, the signed Order and Judgment does not expressly find that the first amended complaint should be stricken on the additional grounds contained in Code of Civil Procedure Section 425.16." As the trial court stated that it did not rule on the merits of the SLAPP motion, we remand the matter to the trial court for such a ruling.

### DISPOSITION

The order denying defendants their attorney fees is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion. Defendants are to recover costs on appeal.

Turner, P. J., and Grignon, J., concurred.