Filed 10/30/15  Bilal v. Molnar CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| GEORGE BILAL, | B258652 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC542446) |
| v. | |
| CHRISTIAN S. MOLNAR et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa Sanchez Gordon, Judge.  Affirmed in part, reversed in part, and remanded.

George Bilal, in pro. per., for Plaintiff and Appellant.

Business Law Professional Corp., Joseph C. Cane, Jr., and Ashley M. Hunt for Defendants and Respondents.

_____

Plaintiff George A. Bilal appeals from an order granting an anti-SLAPP special motion to strike the complaint pursuant to Code of Civil Procedure section 425.16, filed by the defendants, Christian S. Molnar and the Law Offices of Christian S. Molnar (collectively referred to as "Molnar").[1] This appeal concerns the interplay between Bilal's voluntary dismissal of the complaint,[2] the trial court's post-dismissal jurisdiction over the case and the ultimate decisions it rendered. Bilal contends: (1) the trial court was without jurisdiction to consider Molnar's anti-SLAPP motion, (2) the trial court should have set a separate hearing date regarding the issue of attorney fees, and (3) the trial court abused its discretion in awarding attorney fees. We agree with Bilal the trial court was without jurisdiction to consider the anti-SLAPP motion except to consider the attorney fees. However, we do not agree a separate hearing date was necessary. Lastly, we find no abuse of discretion in the trial court's action awarding attorney fees.

## FACTS AND PROCEDURAL BACKGROUND

The instant case is the third in a series of successive lawsuits involving Bilal and Molnar, both licensed practicing attorneys in California. Bilal filed the first lawsuit on December 30, 2008, for conversion and false imprisonment on behalf of plaintiffs Francesco Mitrangolo and Lillo Caffe The Coffee of Angels, a corporation (Lillo). (L.A. Super. Ct. No. BC404786.) The defendants named in the original lawsuit were Jasbir Singh and Bola Properties, LLC (Bola).[3] Both Singh and Bola were represented by Molnar. Ultimately, plaintiffs dismissed the case before trial.[4] After the dismissal, Singh

---

[1]     SLAPP is the acronym for strategic lawsuit against public participation. All further undesignated statutory references are to the Code of Civil Procedure.

[2]     The motion was heard on July 10, 2014. Bilal filed a voluntary dismissal of the complaint on July 8, 2014.

[3]     The named parties from the first lawsuit are not parties in the present case.

[4]     It is not altogether clear why the original case was dismissed. Answering that question is not important in deciding this appeal.

2

and Bola filed a malicious prosecution complaint against Mitrangolo, Lillo, Bilal, and the Law Offices of George A. Bilal. (L.A. Super. Ct. No. BC447778.) On December 14, 2011, after a court trial, judgment was entered in favor of Mitrangolo, Lillo, Bilal, and the Law Offices of George Bilal.

On April 11, 2014, two years and four months after the entry of judgment on the prior case, Bilal filed a complaint against Molnar for malicious prosecution. (L.A. Super. Ct. No. BC542446.) Molnar, through their counsel, Joseph C. Cane and Ashley M. Hunt, filed an anti-SLAPP special motion to strike the complaint on June 4, 2014, setting the matter for hearing on July 10, 2014. On June 27, 2014, according to Bilal, he realized the complaint was barred by the statute of limitation and faxed a request for dismissal without prejudice to the court and opposing counsel. Counsel for Molnar received the request for dismissal although the dismissal was not yet filed. The clerk of the superior court did not enter the dismissal until July 8, 2014. In the meantime, counsel for Molnar filed a request to retain the hearing date to decide the issue of attorney fees as permitted by section 425.16, subdivision (c). Bilal, in return, filed an opposition to retain the hearing date and a motion to continue the hearing on attorney fees.[5]

Despite Bilal's voluntary dismissal entered by the superior court clerk on July 8, 2014, the trial court's minutes from July 10, 2014 indicate, "The special motion of defendants Christian S. Molnar, an individual, and The Law Offices of Christian S. Molnar, to strike the complaint, pursuant to . . . Section 425.16, comes on for hearing." The trial court referenced the dismissal by noting, "the court finds that the said dismissal did not render the instant motion moot." The trial court granted the motion, struck the complaint, and awarded attorney fees in the sum of $6,845. The trial court directed counsel for Molnar to "prepare an order/judgment within five court days."

On August 15, 2014, counsel for Molnar filed a "Judgment of Dismissal and Award of Attorney's Fees After Hearing on Defendant Christian S. Molnar and

---

[5]    Bilal's motion was entitled "Amended Opposition to Defendant's Request to Retain Hearing Date on Defendant's Special Motion to Strike or in the Alternative, Request for Continuance to File Opposition to the Special Motion to Strike."

Defendant Law offices of Christian S. Molnar's Joint Special Motion to Strike Pursuant to California Code of Civil Procedure 425.16 (Anti-SLAPP)."

The judgment contained four paragraphs. Several paragraphs reference a dismissal of the complaint based on the anti-SLAPP motion rather than a limited hearing to determine attorney fees. For example, paragraph 1 states in pertinent part, "The court enters judgment in favor of . . . Molnar, and against . . . Bilal and grants [Molnar's] joint special motion to strike pursuant to . . . Section 425.16 . . . on [Bilal's] entire complaint and sole cause of action for malicious prosecution."

Paragraph 3 states in pertinent part, "As part of the judgment in favor of [Molnar] and against [Bilal], [Bilal's] complaint is dismissed, in its entirety, with prejudice, as is the action, including the sole cause of action for malicious prosecution, as against [Molnar]." The trial court signed the prepared judgment on August 15, 2014.

Bilal filed a timely notice of appeal.

## DISCUSSION

Bilal's contentions relate to (1) jurisdiction, (2) procedure, and (3) abuse of discretion. As for jurisdiction, the question is whether the trial court retained jurisdiction to determine Molnar's anti-SLAPP motion after the voluntary dismissal. As for procedure, the question is whether the trial court, based on the voluntary dismissal, was required to vacate the motion date and set a separate hearing to determine the attorney fees. As for abuse of discretion, the questions are whether the trial court abused its discretion in (1) denying Bilal's motion to continue, and (2) determining the amount of the attorney fees.

## I.     *Jurisdiction*

Section 581, subdivision (b)(1) empowers plaintiffs to voluntarily dismiss their cases in whole or in part. It provides, "An action may be dismissed in any of the following instances: [¶] (1) With or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial, upon payment of the costs, if any." (*Ibid*.)

4

In the instant case, Bilal submitted a request for dismissal of the entire case at the clerk's filing window on July 2, 2014, which the clerk subsequently filed on July 8, 2014. The clerk entered the voluntary dismissal on the same day. Molnar does not contest the legal sufficiency or validity of Bilal's voluntary dismissal.

On this issue, Bilal primarily argues the trial court was without jurisdiction to consider Molnar's anti-SLAPP motion. In response, Molnar contends the dismissal by Bilal did not divest the trial court of jurisdiction to rule on Molnar's request for attorney fees. Both are correct. The distinction to be drawn is this: unless the trial court finds plaintiff's dismissal is legally ineffective and disallows it, the only jurisdiction the trial court retains after dismissal is limited in nature to determine whether attorney fees should be awarded. In exercising this limited jurisdiction, a trial court considers the merits of the anti-SLAPP motion to determine the award of attorney fees. (See *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211, 218 (*Pfeiffer*) ["the trial court must, upon defendant's motion for a fee award, rule on the merits of the SLAPP motion even if the matter has been dismissed prior to the hearing on that motion"].)

In other words, the trial court does not grant or deny the anti-SLAPP motion. Rather, it considers the merits only as a necessary prerequisite to determining whether defense counsel is entitled to attorney fees.

*Law Offices of Andrew L. Ellis v. Yang* (2009) 178 Cal.App.4th 869 (*Ellis*) is squarely on point. In *Ellis*, the plaintiff, a law firm, brought action against their clients for breach of contract, fraud in the inducement, and intentional interference with prospective economic relations. Clients filed an anti-SLAPP motion seeking to dismiss the complaint. A day before the hearing, plaintiff filed a request for a dismissal without prejudice pursuant to section 581, subdivision (b). Initially, the trial court ruled the dismissal had not mooted the anti-SLAPP motion and granted the motion in favor of the clients. (*Ellis, supra,* 178 Cal.App.4th at p. 874.) Later, the plaintiff filed a motion to set aside the judgment. At that time, the trial court granted reconsideration on its own motion. Finally, despite the request for voluntary dismissal, the trial court held it had

5

jurisdiction to hear the clients' anti-SLAPP motion. Ultimately, the trial court denied the motion. The Court of Appeal found the trial court erred by hearing the motion.

*Ellis* recognized when plaintiffs move to dismiss the case before an anti-SLAPP motion is heard, trial courts retain limited jurisdiction to consider the merits in order to award attorney's fees." (*Ellis, supra,* 178 Cal.App.4th at p. 879.) In finding error, the court wrote, "[the] trial had not 'commenced,' the dismissal filed by plaintiff was effective upon filing, and the trial court lacked the jurisdiction to rule on defendants' anti-SLAPP motion. [Citation.]" (*Id*. at p. 881.)

In the instant case, the trial court's ruling on July 10, 2014, as well as the judgment Molnar prepared which the trial court signed, shows the trial court did not limit its jurisdiction to consider Molnar's anti-SLAPP motion to determine whether Molnar was entitled to attorney fees. Instead, the trial court *granted* the motion and *dismissed the complaint with prejudice*. Here, the trial court's actions clearly were not limited in scope. While, in theory, the trial court could have analyzed and determined the dismissal was ineffective, it did not. Instead, the trial court recognized Bilal had moved to dismiss but found "the dismissal did not render the instant motion moot."

We do not determine whether Bilal's dismissal was ineffective. This question was not litigated below and not raised on appeal. As such, the record establishes Bilal moved to dismiss the complaint on July 2, 2014, which was filed and entered on July 8, 2014. The dismissal was effective on July 8. The trial court lacked jurisdiction to rule on the anti-SLAPP motion on July 10. The order granting the anti-SLAPP motion must be vacated and the case remanded to the trial court with directions that the case is to be dismissed without prejudice. However, this does not mean the trial court's determination of awarding attorney fees is void. We discuss this question next.

## II.    *Procedure*

Neither party to this appeal challenges the limited jurisdiction the trial court retained to determine attorney fees when Bilal moved to voluntarily dismiss his case. The rule is well settled as discussed in *Pfeiffer*. However, Bilal contends the trial court committed error when it heard the motion and awarded attorney fees to Molnar. He

6

argues, "The proper procedure was for the court to take the motion off calendar due to the properly filed dismissal. Then the defense should have filed a motion to determine attorneys fees and costs, at which time the court would have ruled on the merits for the limited purpose of deciding whether defendants should be awarded attorneys fees and costs."

Bilal gleans "proper procedure" not from any statute or case law. Instead, he recites facts from several cases similar to ours: a dismissal of a complaint prior to the hearing on the anti-SLAPP motion. Bilal cites *Liu v. Moore* (1999) 69 Cal.App.4th 745, *Coltrain v. Shewalter* (1998) 66 Cal.App.4th 94, *Pfeiffer*, and *Ellis*, in support of his position. None of these cases, however, addressed the question of the proper procedures to be followed when calendaring a hearing to determine attorney fees after a dismissal.

In any event, the record on appeal establishes proper procedures were followed. Counsel for Molnar, after learning Bilal intended to dismiss the case, filed a request to retain the hearing date to determine the award of attorney fees. This was done on July 2, 2014, eight days before the hearing date. We know Bilal received this request because he filed an opposition. Bilal and counsel for Molnar both appeared before the trial court on July 10, 2014, to resolve the issue. Bilal expected a different outcome. However, conducting the hearing to determine the attorney fees on that date, as counsel for Molnar had requested, was one of two reasonable possibilities. Ultimately, the trial court denied Bilal's motion to continue and conducted the hearing to award attorney fees. Bilal has not shown any prejudice in the motion being heard as scheduled. The record reveals the trial court followed proper procedure by granting Molnar's request to retain the hearing date to determine attorney fees. We perceive no error or irregularity requiring reversal.

### III.    *Abuse of Discretion*

Bilal contends, "the trial court absolutely abused its discretion when it completely disregarded the case law it even cited in its own ruling and allowed the motion to go forward on the merits on a case which had been dismissed." Bilal also challenges the trial court's action awarding attorney fees. He contends, "The award of attorney's fees was not reasonable when [Bilal] did not have a chance to oppose. . . . [Bilal] did

7

everything possible to reduce [and] mitigate [Molnar's] fees and costs and the reasonableness of [Molnar's] requests should be considered in light of [Bilal's] efforts at mitigation and [Molnar's] refusal to mitigate its fees." We view the first contention as a claim the trial court abused its discretion in denying Bilal's motion to continue. We view the second contention as a challenge to the trial court's exercise of discretion in awarding $6,845 attorney fees to Molnar.

### A.    Motion to continue

On July 10, 2014, the date of the hearing, Bilal filed a document entitled an "Amended Opposition to Defendant's Request to Retain Hearing Date on Defendant's Special Motion to Strike or in the Alternative, Request for Continuance to File Opposition to the Special Motion to Strike." In a declaration attached to the motion, Bilal explained he did not file an opposition to the motion because he expected the case to be dismissed. He offered no other reasons as a basis for the continuance.

A denial of a motion to continue is reviewed for abuse of discretion. (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1127.) " 'The trial court's exercise of that discretion will be upheld if it is based on reasoned judgment and complies with legal principles and policies appropriate to the case before the court. [Citation.] A reviewing court may not disturb the exercise of discretion by a trial court in the absence of a clear abuse thereof appearing in the record.' [Citation.]" (*Id.* at p. 1127.)

In ruling on the motion to continue, the trial court explained, "[Bilal] filed a late opposition to the motion on 7-9-14, having assumed that the dismissal would take the motion off-calendar. That opposition consisted primarily of a summary of events describing [Bilal's] attempt to get his Request for Dismissal on file, and a request to continue this hearing so that he could file an adequate opposition. [¶] [Molnar] objected to the late-filed opposition, and the court now denies [Bilal's] request for a continuance."

The trial court was confronted with the following set of circumstances: (1) on April 11, 2014, Bilal filed a complaint for malicious prosecution against Molnar, (2) on June 4, 2014, Molnar filed an anti-SLAPP motion to dismiss the complaint, (3) on July 2,

8

2014, Molnar filed a motion to retain the hearing date despite Bilal's voluntary dismissal of the complaint, (4) on July 8, 2014, the superior court clerk filed and entered Bilal's voluntary dismissal, (5) on July 10, 2014, Bilal filed an opposition/motion to continue the limited hearing to determine attorney fees, and (6) the declaration signed by Bilal indicated he did not file an opposition because he expected the case to be dismissed.

Fair and efficient administration of justice requires diligent effort. While not squarely on point, California Rules of Court, rule 3.1332(a) is instructive. It states, "[t]o ensure the prompt disposition of civil cases, the dates assigned for a trial are firm. All parties and their counsel must regard the date set for trial as certain." While rule 3.1332(a) does not pertain to motions, the policy of the rule is just as apt here; to exercise diligence in advocacy.

It is true Bilal's voluntary dismissal rendered the anti-SLAPP motion moot. However, Molnar was entitled to a limited hearing on the award of attorney fees. Bilal was on notice Molnar sought to conduct the limited hearing on July 10, 2014. His declaration does not explain the need for a continuance other than he expected the case to be dismissed.

The trial court did not explicitly articulate lack of good cause. However, we discern an implied finding that Bilal's expectation the dismissal of the complaint would necessarily negate the limited hearing for attorney fees is not good cause. "As a general rule,' "even where there are no express findings, we must review the trial court's exercise of discretion based on implied findings that are supported by substantial evidence." [Citation.]' (*Fair v. Bakhtiari et al.,* (2011) 195 Cal.App.4th 1135, 1148-1149.) In the instant case, Bilal was not taken by surprise. He knew on July 2, or soon thereafter, a limited hearing for attorney fees may take place on July 10. His contrary expectation and failure to diligently prepare does not constitute good cause.

### B.     *Attorney fees -- merits of the motion*

When a plaintiff voluntarily dismisses a complaint before an anti-SLAPP motion is heard, a defendant may move for attorney fees pursuant to section 425.16, subdivision (c). The trial court retains limited jurisdiction to ascertain the merits of the

9

motion to determine whether the defendant should be awarded attorney fees. (*Pfeiffer, supra,* 101 Cal.App.4th at p. 218.) Such hearings have two parts: (1) the consideration of the motion's merits, and (2) the assessment of attorney fees.

In this appeal, Bilal does not appear to raise any contentions on the first part. In his opening brief, Bilal wrote, "[o]n June 27, 2014, after reviewing the timeline of the BC447778 case, [Bilal] realized he had confused the day of judgment of December 8, 2011 with the date for a motion to tax costs which was April 13, 2012 and that he had exceeded the statute of limitation by four months." Bilal did not expressly contend the trial court erred in its assessment of the anti-SLAPP motion on the merits. The failure to cite authority or develop an argument with reference to any specific alleged deficiencies in the record constitutes a waiver of the issue on appeal. (*Magic Kitchen LLC v. Good Things Internat. Ltd.* (2007) 153 Cal.App.4th 1144, 1161-1162.) For this reason, we need not address the trial court's ruling on the merits. Instead, we focus on the trial court's exercise of discretion in awarding attorney fees.

### C.     *Attorney fees -- amount awarded*

An order awarding attorney fees pursuant to section 425.16, subdivision (c) is reviewed for abuse of discretion. (*Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 469-472.) A trial court abuses its discretion when its decision "[exceeds] the bounds of reason." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.)

Bilal contends the trial court's determination of attorney fees is flawed because he was not permitted to participate in the hearing to show how "[Bilal] did everything possible to reduce [and] mitigate [Molnar's] fees and costs and the reasonableness of [Molnar's] requests should be considered in light of [Bilal's] efforts at mitigation and [Molnar's] refusal to mitigate its fees." Bilal offers no evidence to support how he was prevented from participating. The record on appeal shows Bilal was present when the trial court ruled on the motion on July 10, 2014.

The record on appeal also shows counsel for Molnar requested $22,825 in attorney fees. The request was presented in two declarations by each counsel with an itemized

10

breakdown of costs attached to the anti-SLAPP motion.[6] The trial court awarded less than one third of that amount:  $6,845.

Bilal claims he attempted to mitigate costs.  If what Bilal means is, he called Molnar's counsel to take the hearing off calendar and save counsel a trip to the courthouse, his next premise adds those same costs back into the equation -- the trial court should have set another date in the future.  Either way, counsel for Molnar was required to make a court appearance.

Nothing Bilal did, by dismissing the case and attempting to take the hearing off calendar, mitigated costs already incurred prior to the dismissal.  And, whether the hearing to determine attorney fees took place on July 10 or some other day, counsel for Molnar would have incurred expenses for their appearance in court.  Given the totality of information, the trial court did not abuse its discretion in setting the amount of attorney fees at $6,845.

## DISPOSITION

The trial court's order granting the special motion to strike pursuant to section 425.16 is reversed and vacated.  The case is remanded to the trial court with directions to reinstate the dismissal without prejudice entered on July 8, 2014.  The order awarding attorney fees is affirmed.  Molnar shall recover their costs on appeal.

OHTA, J.[*]

We concur:

RUBIN, Acting P. J.                FLIER, J.

---

[6]      Costs were divided between attorneys Joseph C. Crane, Jr. ($12,205) and Ashley M. Hunt ($10,620).

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11