**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAW OFFICES OF BRUCE ALTSCHULD; BRUCE EDWARD ALTSCHULD, an individual, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> WILLIAM G. WILSON, individually; REALWEALTH CORPORATION, <br><br> Defendants - Appellees. | No. 13-56316 <br><br> DC No. 2:12 cv-05457 JAK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted November 4, 2015
Pasadena, California

Before:     FARRIS, TASHIMA, and BYBEE, Circuit Judges.

Plaintiffs Law Offices of Bruce Altschuld and Bruce Altschuld (together,

"Plaintiffs") appeal the district court's award of $4,888.10 in attorneys' fees and

costs to Defendants Realwealth Corporation ("Realwealth") and William Wilson

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

(together, "Defendants"). Plaintiffs brought a malicious prosecution claim against Defendants in district court based on a prior state-court action in which Realwealth obtained a $400,000 judgment against Plaintiffs on its cross-claim for legal malpractice. Defendants moved to strike the malicious prosecution claim under California's anti-SLAPP (Strategic Lawsuits Against Public Participation) statute. Cal. Civ. Proc. Code § 425.16. The district court took the motion under submission, but before it rendered a decision, Plaintiffs voluntarily dismissed the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Defendants subsequently filed a motion for attorneys' fees and costs pursuant to the anti-SLAPP statute. Notwithstanding Plaintiffs' voluntary dismissal, the district court, after concluding that it retained jurisdiction to consider the motion and that Plaintiffs' malicious prosecution claim was a SLAPP, awarded Defendants their attorneys' fees and costs.

Plaintiffs timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

California's anti-SLAPP statute permits courts at an early stage to dismiss meritless cases "aimed at chilling expression through costly, time-consuming litigation." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001); *see* Cal. Civ. Proc. Code § 425.16(a)-(b). The statute also provides that a

2

prevailing defendant shall recover attorneys' fees and costs incurred in responding to the SLAPP suit. Cal. Civ. Proc. Code § 425.16(c).

1.  We have repeatedly held that the anti-SLAPP provisions governing attorneys' fees apply to state-law claims in federal court. *Price v. Stossel*, 620 F.3d 992, 999 (9th Cir. 2010); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003); *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999). It is also well established that a federal court retains ancillary jurisdiction over attorneys' fees disputes collateral to the underlying litigation. *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004) (collecting cases). "[S]uch ancillary jurisdiction exists even after the underlying litigation has concluded." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 968 (9th Cir. 2014) (citation omitted); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("[A] federal court may consider collateral issues after an action is no longer pending [such as] . . . . award[ing] costs after an action is dismissed for want of jurisdiction.").

Here, the motion for attorneys' fees and costs is based on Defendants' claim that the complaint's cause of action for malicious prosecution is a SLAPP; thus, the issue of fees and costs is collateral to the action. *See Ferrante*, 364 F.3d at 1041 (explaining that where "the fee issue was so closely related to the underlying

3

litigation[,]" the motion fell within the district court's ancillary jurisdiction (emphasis removed) (citations omitted)). Thus, despite Plaintiffs' voluntary dismissal of their action, the district court had ancillary jurisdiction to consider the motion for anti-SLAPP fees and costs.

2.      On the merits of the motion, the district court also properly concluded that Defendants were entitled to anti-SLAPP fees and costs. Under the statute, "a prevailing defendant on a special motion to strike" is entitled to recover attorneys' fees and costs. Cal. Civ. Proc. Code § 425.16(c)(1). A defendant that brings an anti-SLAPP motion to strike may "prevail," even if the court did not actually grant the motion. Where the plaintiff dismisses the alleged SLAPP before the court rules on a pending motion to strike, the mooting of the merits of the motion does not bar a defendant from recovering attorneys' fees. *Pfeiffer Venice Props. v. Bernard*, 123 Cal. Rptr. 2d 647, 652-53 (Ct. App. 2002); *Moore v. Liu*, 81 Cal. Rptr. 2d 807, 809-10 (Ct. App. 1999).

A court considering the award of fees on a pretermitted anti-SLAPP motion to strike must engage in a two-part inquiry. *Vess*, 317 F.3d at 1110. First, the defendant must make a *prima facie* showing that the plaintiff's suit "arises from an act in furtherance of the defendant's rights of petition or free speech." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010) (quoting *Vess*, 317

4

F.3d at 1110). "Second, once the defendant has made a prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Id.*

Plaintiffs do not contest that Defendants have met their burden under the first step: that the malicious prosecution claim arises from Defendants' free speech in the prior state-court action. *See Jarrow Formulas, Inc. v. LaMarche*, 74 P.3d 737, 741 (Cal. 2003) ("[E]very Court of Appeal that has addressed the question has concluded that malicious prosecution causes of action fall within the purview of the anti-SLAPP statute.").

At the second step, the burden shifts to Plaintiffs to show a probability of prevailing on their malicious prosecution claim. To establish a malicious prosecution claim, Plaintiffs must plead and prove that the Defendants' cross-complaint in the prior state-court action was: (1) commenced by or at the direction of the Defendants and pursued to a legal termination in Plaintiffs' favor; (2) brought without probable cause; and (3) initiated with malice. *See Crowley v. Katleman*, 881 P.2d 1083, 1087 (Cal. 1994).

The district court concluded that Plaintiffs failed to plead and prove the first element of favorable termination. We agree. "To be considered 'favorable' . . . a termination in the underlying action must reflect the merits of the action and the

5

plaintiff's innocence of the misconduct alleged in the lawsuit." *StaffPro, Inc. v. Elite Show Servs., Inc.*, 39 Cal Rptr. 3d 682, 687-88 (Ct. App. 2006). In the prior state-court action, Realwealth cross-claimed against Plaintiffs, alleging legal malpractice. It is uncontested that Realwealth prevailed on this cross-claim and obtained a $400,000 judgment against Plaintiffs. Such a judgment precludes a finding that Plaintiffs were innocent of the alleged misconduct of legal malpractice and that the state action was terminated in their favor. Nor can Plaintiffs, contrary to their assertion, establish favorable termination based on their success on other, discrete claims at-issue in the state-court action. The California Supreme Court has squarely held that the favorable termination element requires "a favorable termination of the *entire* action." *Crowley*, 881 P.2d at 1093-94 (emphasis in original). Contrary to Plaintiffs' contention, *Crowley*'s holding, "which requires judgment to have been reached in the plaintiff's favor in the prior action as a *whole*, cannot coexist with an exception for *partial* favorable termination." *StaffPro, Inc.*, 39 Cal. Rptr. 3d at 692 (emphases in original) (internal citations omitted). The cases cited by Plaintiffs concern the element of probable cause – a separate and distinct element from favorable termination – and are therefore inapposite.

6

Because Plaintiffs did not obtain a favorable termination in the prior state-court action, they cannot meet their burden of showing a probability of prevailing on the malicious prosecution claim under the second prong of the anti-SLAPP inquiry.

•   ●   •

The judgment of the district court is **AFFIRMED.**