Filed 5/19/16  Egley v. Sparks CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MARCELLE EGLEY, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> ASHLEY SPARKS, <br><br> Defendant and Respondent. | D067648 <br><br><br> (Super. Ct. No. 37-2014-00003404-CU-DF-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, John S. Meyer, Judge.  Reversed.

Law Offices of Norman David Grissom and Norman David Grissom for Plaintiff and Appellant.

Law Office of James J. Moneer, James J. Moneer; Goldberg Jones and Daniel L. Warren, for Defendant and Respondent.

Plaintiff Marcelle Egley contends the trial court erred in awarding attorney fees to defendant Ashley Sparks under the anti-SLAPP statute without considering the merits of

the anti-SLAPP motion. We agree, reverse the award and remand to the trial court for reconsideration of attorney fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Egley owned a vehicle repossession business, Repossession Specialists, Inc., dba ABA Recovery Service (ABA), which employed her former spouse, Sparks, until after the couple divorced. In February 2014, Egley and ABA filed a complaint against Sparks seeking damages for slander per se, trade libel, and infliction of intentional and negligent emotional distress. Egley and ABA also sought an injunction against Sparks to prevent further personal and trade defamation.

In April 2014, Sparks filed an anti-SLAPP motion to strike the personal defamation and emotional distress causes of action, but not the cause of action for trade libel.

On August 7, 2014, Egley's counsel discussed settlement of the case with Sparks' counsel and requested he vacate the hearing date on the anti-SLAPP motion set for August 22, 2014. Egley's counsel stated he believed the court lacked jurisdiction to rule on attorney fees without a fee motion pending. On August 13, 2014, Egley and ABA filed a request for dismissal of the entire case without prejudice.[1] On August 14, 2014, Sparks' counsel informed Egley's counsel that he planned to proceed with the August 22 hearing, which had been reinstated on the court's calendar.

---

[1]    Because Egley dismissed the entire case, including the sole cause of action brought by ABA for trade libel, and because the anti-SLAPP motion did not challenge the trade libel cause of action, ABA is not a party to this appeal, which deals only with recovery of attorney fees under the anti-SLAPP statute. (Code of Civ. Proc. § 425.16.)

2

On August 15, 2014, Egley filed a Code of Civil Procedure[2] section 473 motion to allow late filing of an opposition to the anti-SLAPP motion together with an opposition to the anti-SLAPP motion. Egley stated in her opposition that she dismissed the action not for lack of merit but because Sparks had ceased making defamatory remarks and because of potential difficulties in collecting a money judgment due to Sparks' poor financial condition. Sparks' counsel notified the court and Egley's counsel that he intended to keep the anti-SLAPP motion on calendar for August 22, 2014. On August 19, 2014, Sparks filed an objection and motion to strike the late filing of Sparks' opposition to the anti-SLAPP motion and a reply memorandum of points and authorities in support of his anti-SLAPP motion.

On August 22, 2014, the court ruled that the previous dismissal of the case deprived the court of jurisdiction to rule on the merits of the anti-SLAPP motion, but that the court would retain jurisdiction for the limited purpose of ruling on Sparks' motion for attorney fees and costs.

In February 2015, the court ruled on Sparks' motion for attorney fees under section 425.16. The court concluded that because Egley dismissed her lawsuit as a direct result of Sparks filing his anti-SLAPP motion, Sparks was the prevailing party.

Based on its determination that Sparks was the prevailing party, the trial court awarded him $ 17,000.50 in attorney fees.

## DISCUSSION

---

[2] All further statutory references are to the Code of Civil Procedure.

I. *Necessity to Determine Merits of Dismissed Anti-SLAPP Motion Before Award of Attorney Fees*

When a plaintiff dismisses a case after a defendant files an anti-SLAPP motion but before a court has ruled on the motion, the court retains jurisdiction to award attorney fees under the anti-SLAPP statute. (§ 425.16.) We conclude that for the purpose of awarding attorney fees in such cases, the court must evaluate the merits of the anti-SLAPP motion. Because the trial court in this case did not make such an evaluation before awarding attorney fees, we reverse the attorney fee award.

A defendant who prevails on a special anti-SLAPP motion to strike is entitled to recover attorney fees and costs incurred in bringing the motion. (§ 425.16, subd. (c); *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379, 1382-1384; compare *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785 [statute authorizes award of fees so as to adequately compensate the defendant for having to respond to a baseless lawsuit].) Under such circumstances, the award of fees and costs is mandatory. (§ 425.16, subd. (c).)

When a plaintiff voluntarily dismisses the case after an anti-SLAPP motion has been filed but before the court rules on the merits of the motion, courts have agreed that the court retains jurisdiction to award attorney fees under section 425.16, subdivision (c)(1), which allows the court to award attorney fees and costs to a prevailing defendant on a special motion to strike. (See *Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 918; *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211, 217; *Law Offices of Andrew L Ellis v. Yang* (2009) 178 Cal.App.4th 869, 878-879; Code Civ. Proc., § 425.16

subd. (c).)  However, appellate courts in such cases have disagreed on the need to evaluate the merits of the dismissed anti-SLAPP motion before the trial court awards attorney fees under section 425.16, subdivision (c)(1).  Under *Coltrain v. Shewalter* (1998) 66 Cal.App.4th 94, 107 (*Coltrain*), an evaluation of the merits of a pending anti-SLAPP motion is not required to determine the prevailing party.  The *Coltrain* court observed that normally when the plaintiff dismisses the case after an anti-SLAPP motion has been filed, a presumption arises that the defendant was the prevailing party, i.e., the prevailing party was the one that "realized its objectives in the litigation."  The court in *Coltrain* reasoned that "[s]ince the defendant's goal is to make the plaintiff go away with its tail between its legs, ordinarily the prevailing party will be the defendant."  (*Ibid.*)  Apparently, the trial court here concluded, consistent with the logic in *Coltrain*, that simply because Egley had dismissed her case against Sparks, Sparks was the prevailing party.

We choose not to follow *Coltrain*, but to instead rely on this court's opinion in *Tourgeman v. Nelson and Kennard* (2014) 222 Cal.App.4th 1447 (*Tourgeman*), which requires the trial court to determine the prevailing party based on the merits of the anti-SLAPP motion before awarding attorney fees.  *Tourgeman* utilized the analysis presented in *Liu v. Moore* (1999) 69 Cal.App.4th 745 (*Liu*).  In *Liu*, the trial court denied the motion for attorney fees, reasoning that the statute allowed fees only to a party who prevailed on a special motion to strike and there was no prevailing party because the alleged SLAPP pleading (in that case a cross-complaint) was dismissed prior to a hearing on the special motion to strike.  The appellate court reversed, holding that the cross-

defendant was required to have the merits of the special motion to strike heard as a necessary predicate to a determination of the request for attorney fees and costs under section 425.16, subdivision (c). (*Liu*, at pp.750-753; see also *Touregeman*, at pp. 1457-1457; *Kyle v. Cameron* (1999) 71 Cal.App.4th 901, 918-919.)

The *Liu* court concluded that under section 425.16, subdivision (c), the requesting party's entitlement to fees turns on the merits of the defendant's motion to strike. "An award of [fees and costs] under section 425.16 is only justified when a defendant demonstrates that the plaintiff's action falls within the provisions of subdivision (b) and the plaintiff is unable to establish a reasonable probability of success. [Citation.] Until a court determines that these circumstances exist, a moving defendant is not entitled to its fees and costs under section 425.16. If such a judicial determination were not first required, and a fair procedural opportunity to obtain it allowed, then a plaintiff's voluntary dismissal of the action could have the effect of (1) depriving a true SLAPP defendant of statutorily authorized fees, or (2) entitling a defendant to such relief in a non-SLAPP action [that] was dismissed by the plaintiff for entirely legitimate reasons. In both situations, the purpose of the statute's remedial provisions would be frustrated." (*Liu*, *supra*, 69 Cal.App.4th at pp. 752-753.)

In awarding attorney fees in this case, the trial court stated, "As a direct result of filing the special motion to strike, plaintiff dismissed this lawsuit . . . Defendant is the prevailing party." The court proceeded to detail the manner in which it calculated the amount of the attorney fee award. However, the record contains no indication that the court analyzed the merits of the anti-SLAPP motion. We, therefore, conclude that the

6

trial court did not analyze the merits of Sparks' anti-SLAPP motion, but instead awarded Sparks attorney fees based on the simple observation that Egley dismissed her complaint after Sparks filed his anti-SLAPP motion, and, consistent with the logic of *Coltrain*, determined that Sparks was the prevailing party.[3] Because the trial court did not evaluate the merits of the anti-SLAPP motion before making its award of attorney fees, the order awarding attorney fees is reversed.

II. *Sparks' Request that this Court Resolve the Attorney Fee Issue*

Recognizing the necessity of judicial evaluation of the merits of the dismissed anti-SLAPP motion, but hoping nevertheless to bring this case to final resolution without the normal remand to the trial court, Sparks requests that this court "exercise its discretion to resolve the purely legal prevailing party determination based on uncontroverted evidence in the record" under *Mann v. Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 328 (*Mann II*) and "affirm [without remand to the trial court] under the harmless error rule." We decline to follow his suggestion.

Usually when an appellate court reverses and remands for further proceedings, the appellate court will direct the trial court to determine whether either party is entitled to prevailing party fees on the appeal, and if so, the amount of the award. Until the final resolution of the case (or in this case the merits of the anti-SLAPP motion), it cannot be

_____

3    On appeal both parties agree that the trial court should have followed the authority of *Liu*, which would have required the trial court to base its attorney fee ruling on an evaluation of the merits of the anti-SLAPP motion. In addition, both parties agree that the trial court did not consider the merits of the anti-SLAPP motion before awarding attorney fees.

determined who "prevailed."  (See *Liu*, *supra*, 69 Cal.App.4th at p. 754; *Lindenstadt v. Staff Builders* (1997) 55 Cal.App.4th 882, 894, fn. 9.)  Because trial courts are usually more familiar with the proceedings and work performed by the attorneys, and thus in the better position to resolve related factual disputes, appellate courts rarely determine the amount of attorney fees to be awarded.  (*People ex. rel. Cooper v. Mitchell Brothers Santa Ana Theater* (1985) 165 Cal.App.3d 378, 387-388.)  " 'Although this court has the power to fix attorney fees on appeal, the better practice is to have the trial court determine such fees.' "  (*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1267.)

In similar cases involving an attorney fee award under the anti-SLAPP statute prior to resolution of the anti-SLAPP motion, courts following *Liu* have remanded the case to the trial court for a determination of the merits of the anti-SLAPP motion before an award of attorney fees.  (See *Liu*, *supra*, 69 Cal.App.4th at p. 755, *Pfeiffer Venice Properties v. Bernard*, *supra*, 101 Cal.App.4th at pp. 218-219.)

Sparks bases his request that we simply affirm the judgment without remand on *Mann II*.  However, the post appeal status in *Mann II,* which did not require the usual remand to the trial court, was unique and differed significantly from the situation presented here.  By way of background, the predecessor to *Mann II*, *Mann v. Quality Old Time Service, Inc.* (2004) 120 Cal.App.4th 90 (*Mann I*) reviewed the trial court's denial of an anti-SLAPP motion in a case involving allegations of interference and trade libel. After fully considering the merits of the anti-SLAPP motion de novo on appeal, this court determined that the motion to strike should have been granted on the trade libel cause of

8

action but was properly denied on other interference counts, and remanded to the trial court where a successor judge to the original trial judge was presiding. Later, in *Mann II*, this court reviewed the award of attorney fees made by the successor judge. We stated:

> "Although *normally we would remand for the court to exercise its discretion on the issue of the proper amount of attorney fees, we conclude that under the particular circumstances of this case* it is appropriate that we perform the analysis here. The basis of the broad discretion afforded to the trial judge is the judges familiarity with the proceedings and the work performed by the attorneys. [Citation.] Here, the trial judge did not preside over the underlying litigation, and the court did not have firsthand knowledge of the work because defendants did not submit the underlying trial or appellate court briefs to support their attorney fee request. In contrast, this court is familiar with the case and the attorneys' work based on our prior appellate review and the record is sufficiently explicit that we can properly perform the necessary calculations. Additionally, counsel have advised the court that the matter has settled, except for the attorney fees issue. Under these circumstances, it would be wasteful to remand and invite a new round of litigation." (*Mann II*, *supra*, 139 Cal.App.4th at p. 346, italics added.)

The circumstances of this case differ substantially from the atypical situation presented in *Mann II*. Here, as in *Liu*, and unlike *Mann II*, no trial or appellate court has ever evaluated the merits of an anti-SLAPP motion. Unlike *Mann II*, on remand, much more than a simple math calculation will be required. The trial court will have to evaluate the merits of the anti-SLAPP motion to determine the prevailing party and then calculate attorney fees based on the efforts counsel for the prevailing party has expended up to that point.

Accordingly, the trial court shall evaluate the merits of the anti-SLAPP motion in order to determine the prevailing party on the anti-SLAPP motion and shall award

9

reasonable attorney fees to that party for work performed both in the trial court and on appeal.

## DISPOSITION

The order awarding attorney fees to Sparks is reversed. The matter is remanded to the superior court for proceedings consistent with the opinion of this court.

PRAGER, J.*

WE CONCUR:

HALLER, Acting P. J.

IRION, J.

---

*  Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10