Filed 11/9/23  Freeman v. LMA & SAI 1433 Wilshire CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

|  |  |
|---|---|
| ISRAEL FREEMAN, | B325212 |
| Plaintiff, Cross-defendant and Appellant, | (Los Angeles County Super. Ct. No. 22SMCV00353) |
| v. |  |
| LMA & SAI 1433 WILSHIRE LLC, |  |
| Defendant, Cross-complainant and Respondent. |  |

APPEAL from an order of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Judge.  Affirmed.

Mitchell Silberberg & Knupp, Stephen E. Foster, and Andrew C. Spitser for Plaintiff, Cross-defendant and Appellant.

Cozen O'Connor, Matthew S. Steinberg, Christopher Paolino, and Alexander E. Robinson for Defendant, Cross-complainant and Respondent.

—————————————

In March 2022 Israel (Izzy) Freeman, the owner of Izzy's Deli, filed a complaint for declaratory relief, seeking a judicial determination of whether he was obligated to guarantee the lease obligations of Izzy's Deli under a lease with LMA & SAI 1433 Wilshire LLC (LMA). The following month LMA filed a cross-complaint against Freeman and Izzy's Deli, alleging causes of action for breach of lease and breach of personal guaranty. Freeman filed a special motion to strike the claim for anticipatory breach (within the breach of guaranty cause of action) in the cross-complaint pursuant to Code of Civil Procedure section 425.16.[1] The trial court denied the motion, and Freeman appealed.

Freeman argued in his special motion to strike that LMA's claim for anticipatory breach arose from Freeman's filing of his complaint for declaratory relief, which was protected activity. The trial court denied the motion, finding the claim arose from the dispute over the guaranties, not the filing of the complaint. The court also found Freeman was not entitled to recover attorneys' fees and costs because he was not the prevailing party. On the same day the court issued its order, LMA dismissed its cross-complaint.

On appeal, Freeman argues that notwithstanding LMA's dismissal of the cross-complaint, the trial court had jurisdiction to decide the merits of his special motion to strike as a predicate to determining whether he was entitled to prevailing party attorneys' fees and costs under section 425.16, subdivision (c)(1). LMA argues the cross-complaint was dismissed before the trial

---

[1] Further undesignated statutory references are to the Code of Civil Procedure. Section 425.16 is commonly referred to as the anti-SLAPP statute.

court ruled, depriving the court of jurisdiction to consider the motion. As to the merits, Freeman contends the trial court erred in denying the special motion to strike because Freeman's filing of the complaint constituted the anticipatory breach of the guaranty alleged in the cross-claim. Because the filing of the complaint is at most evidence of the anticipatory breach, not the basis for the cross-claim, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Lease and Personal Guaranties[2]*

In 1973 Freeman, Ernest Auerbach, and Kenneth Horowitz opened the predecessor to Izzy's Deli. On March 29, 1973 Freeman and Horowitz, on behalf of the deli, signed a 15-year lease with the landlord (Auerbach and his wife, Lisa Auerbach). Under the lease, a default and breach of the lease by the deli included "vacating or abandonment of the [p]remises" and failure to pay rent when due. Freeman and his co-owners also signed a guaranty, in which they guaranteed the deli's performance of the lease terms, including payment of rent. By February 1988, Freeman became the sole owner of the deli.

On February 15, 1988 Freeman, on behalf of Izzy's Deli, signed a second amendment to the lease, which extended the lease term to May 31, 2003 and increased the rent. Concurrent with the second amendment, Freeman signed a second personal guaranty. The parties subsequently executed two amendments to the lease that increased the rent, extended the lease term, and

_____

[2] The facts are taken from the complaint, cross-complaint, and exhibits attached to both pleadings, which include the lease, lease amendments, and two personal guaranties.

3

gave the deli an option to extend the lease.  The fifth amendment extended the lease term to May 31, 2028 and gave the deli an option to extend the lease for another five years.

B.     *Freeman's Complaint*

On March 11, 2022 Freeman filed a complaint for declaratory relief alleging two causes of action against LMA, the successor landlord.  In the first cause of action, Freeman requested "a judicial determination that there is no operative personal guaranty obligating him to guarant[ee] the current operative Lease."  Freeman alleged his personal guaranty of the second amendment to the lease "is a modification of the Original Personal Guaranty and both extends and limits [his] personal guaranty only to the end of the term of the Second Amendment, which expired on May 31, 2003.  The New Personal Guaranty did not extend to and excluded any subsequent amendments.  Thus, . . . the New Personal Guaranty and Original Personal Guaranty have expired and are unenforceable against him."  In the second cause of action, Freeman sought a judicial determination that if the original guaranty is interpreted to cover the current lease, then it is unenforceable for lack of consideration.  Freeman asserted his original personal guaranty was extinguished upon the deaths of Ernest and Lisa Auerbach, explaining, "In the absence of currently operative personal guaranties by the landlord/lessor, which were given to the lessees as consideration under the Original Personal Guaranty, the Original Personal Guaranty now lacks consideration and cannot be enforced unilaterally against only [Freeman]."

4

C.     *LMA's Cross-complaint and Dismissal of the Complaint*

On April 28, 2022 LMA filed a cross-complaint against Izzy's Deli and Freeman alleging causes of action for breach of lease and breach of personal guaranty.  In the first cause of action for breach of lease against both cross-defendants, LMA alleged Izzy's Deli failed to make all required rent and other payments under the lease beginning in July 2020, and it owed $314,360 as of April 2022.  LMA alleged it sent Izzy's Deli a notice of abandonment pursuant to Civil Code section 1951.35, and Izzy's Deli confirmed it had abandoned the property on April 14, 2022.  In the second cause of action for breach of personal guaranty, LMA alleged in paragraph 30, "To date, Freeman has not personally paid LMA/SAI any amount of money associated with Izzy's Deli's indebtedness notwithstanding his guaranties of these payments.  Therefore, Freeman has not performed under the personal guaranties that he executed contemporaneously with the Lease and Second Amendment to the Lease."  LMA added in paragraph 31, "On information and belief, a formal demand made upon Mr. Freeman is futile because he filed the initial Complaint in this action seeking declaratory relief that the personal guaranties are not operative.  Therefore, Freeman by judicial admission has expressed his unequivocal intention to refuse to honor his guaranties.  LMA/SAI construes Mr. Freeman's conduct to be an anticipatory breach of contract displaying his intent not to perform under the personal guaranties."

On April 28, 2022 LMA filed a demurrer to Freeman's complaint.  On June 2 Freeman filed a request for dismissal without prejudice, which the court clerk entered the same day.

5

D.  *Freeman's Special Motion To Strike*

On June 27, 2022 Freeman filed a special motion to strike the anticipatory breach claim within LMA's second cause of action for breach of guaranty pursuant to section 425.16. Freeman argued the breach of guaranty cause of action pleaded two separate claims: a claim for breach of guaranty as to amounts already due, and a claim for anticipatory breach. Freeman asserted, "This separate claim (the 'Anticipatory Breach Claim') expressly alleges that 'a formal demand made upon Mr. Freeman is futile because he filed the initial Complaint in this action seeking declaratory relief that the personal guaranties are not operative.' . . . In other words, LMA expressly rests its allegation of anticipatory breach entirely on Freeman's exercise of his right to file the Complaint, and blatantly states that fact in its Cross-Complaint. Indeed, Freeman's protected filing of his Complaint in this action is the only 'conduct' alleged, and thus must be the 'conduct' that LMA 'construes' as an anticipatory breach."[3] Freeman further argued LMA's claim had no likelihood of success because the filing of the Complaint was protected by the litigation privilege and otherwise lacked merit. He added, "Freeman will file a noticed motion for an award of all attorneys' fees and costs incurred in connection with this motion, upon the Court's order granting this motion."

In its opposition, LMA argued Freeman's special motion to strike the cross-claim was moot in light of Freeman's voluntary dismissal of his complaint. LMA also submitted with its

_____

[3]  LMA's attorney confirmed at the hearing on the motion that the cross-complaint alleged anticipatory breach of the guaranty. But LMA's attorney asserted the anticipatory breach was alleged in paragraphs 1 through 28 and 30, not 31.

6

opposition the declaration of its attorney, Frank Gooch, III. Gooch averred that in early February 2022 he attended a meeting with Freeman's counsel (Stephen Foster and Andrew Spitser) in which Gooch stated that even if Izzy's Deli did not have the financial means to pay the amounts owed on the lease, "Freeman was personally obligated for all its lease debts based on his personal guaranties." According to Gooch, Spitzer and Foster responded "explicitly and in no uncertain terms that in fact Freeman had no current guaranty obligations . . . ." LMA also maintained in its opposition that it met its burden under the second step of section 425.16 to show minimal merit of its breach of guaranty claim against Freeman because the litigation privilege did not apply to contractual claims; Freeman's allegations in his complaint were judicial admissions that supported the anticipatory breach of guaranty claim; and Freeman's lawyer unequivocally told LMA's lawyer that Freeman would not honor his guaranties. LMA also requested attorneys' fees and costs, arguing Freeman's motion was frivolous and filed in bad faith.

E. *The Trial Court's Ruling and LMA's Dismissal of Its Cross-complaint*

On November 17, 2022, after issuing a tentative ruling to deny Freeman's special motion to strike and the parties' requests for attorneys' fees and costs, the trial court held a hearing on Freeman's motion and took the matter under submission. On November 21 the court issued a minute order (noting the order was issued at 3:00 p.m.), which denied the motion. The court found Freeman failed to make a threshold showing LMA's anticipatory breach claim arose from protected activity under

7

section 425.16, subdivision (e). The court explained, "[W]hile the declaratory relief complaint may have triggered the anticipatory breach claim and may be evidence in support of that claim, the claim was not based on the filing of the complaint." The court reasoned LMA's anticipatory breach claim was "based on an underlying dispute between the parties on whether there has been a breach" of the guaranty. Because the first step of section 425.16 was not satisfied, the court did not reach whether LMA demonstrated a probability of prevailing on the merits of its cross-claim for anticipatory breach of guaranty.

The trial court noted both parties sought attorneys' fees and denied the requests. The court found Freeman was not the prevailing party on his special motion to strike, and therefore was not entitled to recover attorneys' fees and costs under section 425.16, subdivision (c)(1). Further, LMA was not entitled to attorneys' fees under sections 425.16, subdivision (c)(1), and 128.5 because Freeman's motion was not frivolous or made in bad faith.

Also on November 21, 2022 LMA electronically submitted a request for dismissal of its cross-complaint without prejudice. The electronic notice of confirmation of filing reflects that the court received LMA's filing at 8:34 a.m. and "accepted" the filing. The dismissal was entered on the same day.

Freeman timely appealed.

## DISCUSSION

A. *Freeman's Appeal Is Not Moot*

LMA contends the trial court lacked jurisdiction to rule on Freeman's special motion to strike because LMA dismissed the

8

cross-complaint before the trial court issued its ruling at
3:00 p.m.  Freeman argues that although LMA's request for
dismissal was electronically received at 8:34 a.m., there is no
evidence of the time when the court clerk entered the dismissal.
Further, Freeman notes the minute order discusses the motion on
the merits without mentioning that the cross-complaint had been
dismissed or addressing mootness.  Thus, he contends that we
should presume the minute order was issued first and the trial
court acted properly.

Regardless of when the court clerk entered the dismissal of
the cross-complaint, the dismissal was effective upon LMA's
filing of its request for dismissal.  (*S.B. Beach Properties v. Berti*
(2006) 39 Cal.4th 374, 380 ["A section 581 dismissal 'is available
to [a] plaintiff as a matter of right and is accomplished by filing
with the clerk a written request therefor.  If in proper form, the
dismissal is effective immediately.'  [Citation.]  'The entry is a
ministerial, not a judicial, act, and no appeal lies therefrom.'"];
*Catlin Ins. Co., Inc. v. Danko Meredith Law Firm, Inc.* (2022)
73 Cal.App.5th 764, 771 (*Catlin*) ["dismissal was immediately
effective upon the tender of the request to the clerk"]; *Law Offices
of Andrew L. Ellis v. Yang* (2009) 178 Cal.App.4th 869, 876 ["A
request for a dismissal is usually effective upon filing, and no
other action by the clerk or the court is required."]; see § 581,
subd. (b)(1) ["An action may be dismissed in any of the following
instances:  [¶]  (1) [w]ith or without prejudice, upon written
request of the plaintiff to the clerk, filed with papers in the case,
or by oral or written request to the court at any time before the
actual commencement of trial, upon payment of the costs, if
any."].)

Even where a complaint (or a cross-complaint) is dismissed, a trial court has jurisdiction to rule on the merits of a special motion to strike as a predicate to an award of attorneys' fees under section 425.16, subdivision (c)(1), where a party files a motion for attorneys' fees and costs. (*Sandlin v. McLauglin* (2020) 50 Cal.App.5th 805, 821 ["A trial court's 'resolution of the underlying action does not moot a fee request under the SLAPP statute."]; *Tourgeman v. Nelson & Kennard* (2014) 222 Cal.App.4th 1447, 1457 ["'[T]he trial court's adjudication of the merits of a defendant's motion to strike is an essential predicate to ruling on the defendant's request for an award of fees and costs.'"]; *Law Offices of Andrew L. Ellis v. Yang, supra*, 178 Cal.App.4th at p. 879 ["[W]hen plaintiff dismissed its case at a time when defendants' anti-SLAPP motion was pending, the trial court continued to have jurisdiction over the case only for the limited purpose of ruling on defendants' motion for attorney fees and costs."]; *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211, 218 ["[B]ecause a defendant who has been sued in violation of his or her free speech rights is entitled to an award of attorney fees, the trial court must, upon defendant's motion for a fee award, rule on the merits of the SLAPP motion even if the matter has been dismissed prior to the hearing on that motion."]; *Liu v. Moore* (1999) 69 Cal.App.4th 745, 751 ["[A] defendant who is voluntarily dismissed, with or without prejudice, after filing a section 425.16 motion to strike, is nevertheless entitled to have the merits of such motion heard as a predicate to a determination of the defendant's motion for attorney's fees and costs."].)

Although LMA is correct that in each of these cases the prevailing party had filed a motion for attorneys' fees, the fact

LMA did not file a motion is not controlling. *Kyle v. Carmon* (1999) 71 Cal.App.4th 901 (*Kyle*) is directly on point. In *Kyle*, the trial court held a hearing on defendant's special motion to strike and took the matter under submission. (*Id.* at p. 906.) Two days after the hearing, the plaintiff filed a request for voluntary dismissal of the case with prejudice. (*Ibid.*) The trial court subsequently filed an order striking the complaint under section 425.16 and stating the defendant was entitled to recover his attorneys' fees and costs, with no mention of the voluntary dismissal. (*Ibid.*) The Court of Appeal concluded the trial court lacked jurisdiction to strike the complaint because the voluntary dismissal was entered before the ruling (*id.* at p. 917), but "the trial court's adjudication of the merits of the section 425.16 motion support[ed] affirmance of the award of attorney's fees and costs to defendant, without the need for remand." (*Id.* at p. 919.)

Catlin, supra*, 73 Cal.App.5th at pages 783 to 784, relied on by LMA, is distinguishable. There, an insurer sued a law firm and its principal for the return of mistakenly paid funds. (*Id.* at p. 769.) Both defendants filed special motions to strike the complaint, stating in their motions "they would request attorney fees under section 425.16, subdivision (c), pursuant to a 'subsequent, separate motion.'" (*Id.* at pp. 769-770.) Prior to the hearing on the motions, the insurer voluntarily dismissed its complaint. (*Id.* at p. 770.) At the scheduled hearing on the special motions to strike, the defendants requested the court rule on their motions "as a 'predicate' for going forward with their fee motions," but the trial court declined, finding the motions were moot and suggesting the defendants instead file attorneys' fees motions. (*Ibid.*) Instead of following the court's suggestion, the defendants appealed the mootness order declining to address the

11

merits of their motions.  (*Ibid.*)  The Court of Appeal observed that *Kyle* did not hold the trial court "has a *duty* to determine entitlement to fees" in the absence of a fee request.  (*Id.* at p. 776.)  The *Catlin* court affirmed the decision of the trial court not to address the defendants' right to attorneys' fees in the absence of a fees motion, explaining the defendants waived their claims for fees because they "failed to seek recovery of attorney fees by motion or cost memorandum in [a] timely fashion."  (*Id.* at p. 784.)

Similar to *Kyle* (and unlike *Catlin*), the trial court, apparently without knowledge of the request for dismissal of the cross-complaint, ruled on Freeman's special motion to strike, denying the motion and finding he was not entitled to attorneys' fees.  Given the court's denial of Freeman's motion, it would have been futile for Freeman to have filed a motion for attorneys' fees after the trial court found he had not prevailed on his special motion to strike.  And the dismissal did not deprive the court of jurisdiction to consider whether Freeman was the prevailing party for purposes of a motion for attorneys' fees.  Although Freeman did not file an attorneys' fees motion, the court treated his statement of his intent to seek attorneys' fees as a request for fees and addressed it.  On these unusual facts, the appeal from the court's order is properly before us.

B.    *Special Motions To Strike Under Section 425.16*

A cause of action arising from an act in furtherance of a defendant's constitutional right of petition or free speech in connection with a public issue is subject to a special motion to strike unless the plaintiff demonstrates a probability of prevailing on the claim.  (§ 425.16, subd. (b)(1); see *Serova v.*

12

*Sony Music Entertainment* (2022) 13 Cal.5th 859, 871; *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*); *Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.) An "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue'" includes, among other things, "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law." (§ 425.16, subd. (e)(1).)

"Litigation of an anti-SLAPP motion involves a two-step process. First, 'the moving defendant bears the burden of establishing that the challenged allegations or claims "aris[e] from" protected activity in which the defendant has engaged.' [Citation.] Second, for each claim that does arise from protected activity, the plaintiff must show the claim has 'at least "minimal merit."' [Citation.] If the plaintiff cannot make this showing, the court will strike the claim." (*Bonni, supra*, 11 Cal.5th at p. 1009; *Monster Energy v. Schechter, supra*, 7 Cal.5th at p. 788.)

We review de novo whether a challenged claim arises from protected activity under section 425.16, subdivision (e). (*Bonni, supra*, 11 Cal.5th at p. 1009; *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067.) "We exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity. [Citations.] In addition to the pleadings, we may consider affidavits concerning the facts upon which liability is based. [Citations.] We do not, however, weigh the evidence, but accept the plaintiff's submissions as true and consider only whether any contrary evidence from the defendant establishes its entitlement to prevail as a matter of law." (*Park*, at p. 1067.)

C. *Freeman Failed To Carry His Burden To Show LMA's Cross-claim for Anticipatory Breach Arose from Protected Activity*

Freeman contends the filing of his complaint formed the basis for LMA's claim for anticipatory breach of Freeman's guaranty of the lease. LMA does not dispute that the filing of a complaint is protected activity under section 425.16, subdivision (e)(1).[4] And certainly Freeman's filing of the complaint was the triggering event that led to LMA's filing of the cross-complaint. But the filing of the complaint does not supply any of the elements of a claim for breach—or anticipatory breach—of a guaranty.

"A claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Park v. Board of Trustees of California State University*, *supra*, 2 Cal.5th at p. 1062; accord, *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.) "'[T]he mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute.'" (*Park*, at p. 1063; accord, *Cotati*, at pp. 76-77.) "Instead, the focus is on determining what 'the defendant's activity [is] that gives rise to his or her asserted liability—and whether that activity

---

[4] There is no dispute "'"the basic act of filing litigation"'" constitutes protected activity under section 425.16, subdivisions (b)(1) and (e)(1). (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 90; accord, *Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 113 ["'"Any act'" under section 425.16, subdivision (b)(1) 'includes communicative conduct such as the filing, funding, and prosecution of a civil action.'"].)

14

constitutes protected speech or petitioning.' [Citation.] . . . . [I]n ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." (*Park*, at p. 1063, italics omitted; accord, *Bonni, supra*, 11 Cal.5th at p. 1009 ["The defendant's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity."].) In analyzing whether a claim arises from protected activity, reviewing courts are "attuned to and have taken care to respect the distinction between activities that form the basis for a claim and those that merely lead to the liability-creating activity or provide evidentiary support for the claim." (*Park*, at p. 1064.) Likewise, "[a]llegations of protected activity that merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 394.)

A party's obligation under a guaranty is contractual. (*Coles v. Glaser* (2016) 2 Cal.App.5th 384, 391; see *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 159 [""A contract of guaranty gives rise to a separate and independent obligation from that which binds the principal debtor.""].) "[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821; accord, *Piedmont Capital Management, L.L.C. v. McElfish* (2023) 94 Cal.App.5th 961, 968; *Gray1 CPB, LLC v. Kolokotronis* (2011) 202 Cal.App.4th 480, 486 [breach of guaranty cause of action requires showing of (1) a valid

15

guaranty, (2) default by principal debtor, and (3) guarantor's failure to perform under the guaranty].)

"'There can be no *actual* breach of a contract until the time specified therein for performance has arrived.' [Citation.] Nonetheless, if a party to a contract expressly or by implication repudiates the contract before the time for his or her performance has arrived, an anticipatory breach is said to have occurred." (*Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 488-489; accord, *Taylor v. Johnston* (1975) 15 Cal.3d 130, 137 ["Anticipatory breach occurs when one of the parties to a bilateral contract repudiates the contract. . . . An express repudiation is a clear, positive, unequivocal refusal to perform [citations]; an implied repudiation results from conduct where the promisor puts it out of his power to perform so as to make substantial performance of his promise impossible."]; *Mission Beverage Co. v. Pabst Brewing Co., LLC* (2017) 15 Cal.App.5th 686, 702 ["[A] breach need not be effected to be actionable. A plaintiff may sue for anticipatory breach when the other party "'positively repudiates the contract by acts or statements indicating that [it] will not or cannot substantially perform essential terms thereof . . . .'"'"].)

In support of his special motion to strike, Freeman relies on a single paragraph in LMA's cross-complaint (paragraph 31), which alleges: "On information and belief, a formal demand [for payment of money owed under the lease] made upon Mr. Freeman is futile because he filed the initial Complaint in this action seeking declaratory relief that the personal guaranties are not operative. Therefore, Freeman by judicial admission has expressed his unequivocal intention to refuse to honor his guaranties. LMA/SAI construes Mr. Freeman's conduct to be an

16

anticipatory breach of contract displaying his intent not to perform under the personal guaranties." Freeman contends that because this paragraph specifically references the filing of his complaint, that is the conduct giving rise to the anticipatory breach of guaranty claim.

Contrary to Freeman's contention, LMA's allegations in paragraph 31 only provide evidence of Freeman's express repudiation of any guaranty. According to the Gooch declaration,[5] Freeman repudiated his obligation to guarantee the lease obligations by his attorneys' statements at the February 2022 meeting. Freeman's filing of the complaint was therefore not the basis for the claimed wrong—rather, the filing of the complaint is, at most, evidence that Freeman a month earlier had repudiated any obligation to pay the future rent due under the lease. (See *Callanan v. Grizzly Designs, LLC* (2022) 81 Cal.App.5th 517, 526 ["[T]he injury-producing conduct is *not* the Menkens' filing of a cross-complaint against Callanan; instead, it is the Menkens' alleged failure to comply with various

---

[5]     Freeman contends LMA cannot rely on conduct not alleged in the cross-complaint, including the statements made at the February 2022 meeting as set forth in the Gooch declaration. But as the Supreme Court explained in *Navellier v. Sletten* (2002) 29 Cal.4th 82, 89, "'In deciding whether the initial 'arising from' requirement is met, a court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.'" (See § 425.16, subd. (b)(2) [in determining whether a cause of action arises from conduct in furtherance of a person's right of petition or free speech, "the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based"].)

wage and hour laws and other actions they took that have nothing to do with the Menkens' filing of a cross-complaint."]; *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland* (2020) 54 Cal.App.5th 738, 759 [explaining in affirming denial of special motion to strike, "plaintiffs' claims arose out of the City's acts or omissions in breach of its agreements . . . , its refusal to cooperate, its stonewalling, and its tortious conduct," and "whatever else may be in the complaint, it is the background and context—the evidence—to support that complaint"]; *Area 51 Productions, Inc. v. City of Alameda* (2018) 20 Cal.App.5th 581, 596, fn. 10 ["Under Area 51's theory of liability, the liability-producing conduct here was the City's decision to end the licensing relationship (whether that decision is doctrinally categorized as a breach of contract or as an anticipatory repudiation of a contract), not the expressive act of declaring an end to the relationship by e-mail."]; *Copenbarger v. Morris Cerullo World Evangelism* (2013) 215 Cal.App.4th 1237, 1240 ["[W]hile the three-day notice might have triggered the complaint, the evidence in the record demonstrates the complaint was based on an underlying dispute over . . . repair and maintenance obligations under the sublease and other unprotected activities."].)

Because the cross-claim for anticipatory breach of guaranty does not arise from protected activity, the trial court properly denied Freeman's special motion to strike and his request for attorneys' fees and costs as a prevailing party.

## DISPOSITION

The November 21, 2022 order denying Freeman's request for attorneys' fees is affirmed.  LMA is to recover its costs on appeal.

FEUER, J.

We concur:


PERLUSS, P. J.


MARTINEZ, J.