[No. B116425. Second Dist., Div. Three. Jan. 29, 1999.]

HONG LIU et al., Cross-Complainants and Respondents, v. DEBORAH MOORE, Cross-Defendant and Appellant.

**COUNSEL**

Mark Allen Kleiman for Cross-defendant and Appellant.

No appearance for Cross-complainants and Respondents.

**OPINION**

**CROSKEY, Acting P. J.**—This appeal addresses the question whether the plaintiff in a SLAPP suit (a Strategic Lawsuit Against Public Participation) can, by the device of dismissing the SLAPP prior to a hearing on the defendant's motion to strike the complaint, avoid paying the attorney's fees incurred by the defendant in defending the suit.[1] In the instant case, the appellant contends the respondents filed a SLAPP cross-complaint against

---

[1]Legislation regarding SLAPP suits is found in Code of Civil Procedure section 425.16, a statute specifically enacted to give both a summary disposition and attorney's fees and costs to persons named as defendants in such actions.

Code of Civil Procedure section 425.16 provides, in relevant part: "(a) The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly.

"(b)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

" . . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court

her. The trial court ruled that because respondents had dismissed their cross-complaint prior to the hearing on appellant's section 425.16 motion to strike that pleading, there was no need to decide the merits of that motion to strike. The trial court concluded that because appellant could not be said to be the prevailing party on her motion to strike, she was not entitled to section 425.16 attorney's fees and costs. The basis of the court's conclusion is the provision in the anti-SLAPP statute which provides that attorney's fees and costs are awarded to a defendant who prevails on a motion to strike. (§ 425.16, subd. (c).)

We hold the trial court's ruling constitutes a nullification of an important part of California's anti-SLAPP legislation. If indeed respondents' cross-complaint against appellant is a SLAPP suit, then the court's decision to not hear the merits of appellant's motion to strike deprives appellant of the monetary relief which the Legislature intended to give her, while at the same time it relieves respondents of the punishment which section 425.16 imposes on persons who use the courts to chill others' exercise of their constitutional rights. We therefore reverse the trial court's order denying appellant attorney's fees and costs, and remand the case for further proceedings on the issue of the merits of appellant's motion to strike and, depending on the ruling thereon, her request for fees and costs.

## Factual and Procedural Background

This case had its beginning when Stefan Ashkenazy (Ashkenazy) sued Hong Liu (Liu) and Master Hong Alternative Healing (Alternative Healing; collectively, defendants). Alternative Healing is apparently a health care facility run by Liu. In his complaint, Ashkenazy alleged personal injuries connected with defendants' provision of health care services to him.

---

shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5.

". . . . . . . . . . . . . . . . . . .

"(e) As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

". . . . . . . . . . . . . . . . . . .

"(h) For purposes of this section, 'complaint' includes 'cross-complaint' and 'petition,' 'plaintiff' includes 'cross-complainant' and 'petitioner,' and 'defendant' includes 'cross-defendant' and 'respondent.' "

All references herein to statutes are to the Code of Civil Procedure unless otherwise indicated.

In February 1997, defendants filed a third party cross-complaint against appellant Deborah Moore (Moore) and others. In that pleading the defendants alleged causes of action against Moore for breach of fiduciary duty, intentional and negligent interference with prospective economic advantage, indemnity, apportionment of fault, and declaratory relief.

After being served with defendants' cross-complaint, Moore moved to strike it, contending it was a SLAPP suit. According to a declaration filed by Moore in support of her motion to strike, she had been employed, as a processor of medical bills, by the medical doctor with whom defendants shared office space, one Kwang Young (Young). During the course of her employment by Young she reported, to governmental agencies, irregularities in his Medicare and insurance company billing. She also notified these agencies that Liu was holding himself out as a medical doctor when he was not licensed as such, and that Young was engaging in the falsification and destruction of patients' medical records.

Defendants did not submit opposition to Moore's motion to strike. Rather, in July 1997, prior to the hearing on that motion, defendants filed a request to have their cross-complaint dismissed as to Moore only. The dismissal was without prejudice. No hearing was ever held on Moore's motion to strike.

Thereafter, Moore filed a motion, under subdivision (c) of section 425.16, seeking attorney's fees and costs from defendants. In September 1997, the trial court denied the motion, saying Moore does not fit within the specific language of subdivision (c). Subdivision (c) states that fees and costs are to be awarded to "a prevailing defendant on a special motion to strike." The court reasoned there was no longer a viable motion to strike, because of the dismissal of Moore from the cross-complaint, and therefore Moore could not be a prevailing party on such a motion. The court ruled that if Moore wanted attorney's fees, she should have made a motion for them under section 128.7.[2]

---

[2]Section 128.7 states in relevant part: "(b) By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met:

"(1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

"(2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

"(3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

ISSUES ON APPEAL

Moore's appeal raises the question whether a SLAPP plaintiff can avoid payment of the SLAPP defendant's section 425.16 fees and costs by dismissing that defendant from the case prior to a hearing on the defendant's motion to strike the SLAPP complaint. Moore also raises two other issues. First, was she entitled to attorney's fees under sections 1032 and 1033.5 when the cross-complaint against her was dismissed and, second, is she entitled to attorney's fees for prevailing in this appeal?

DISCUSSION

1. *Moore Has a Right to Have Her Section 425.16 Motion Heard*

■ The purpose of section 425.16 is clearly to give relief, including financial relief in the form of attorney's fees and costs, to persons who have been victimized by meritless, retaliatory SLAPP lawsuits because of their "participation in matters of public significance" (§ 425.16, subd. (a)). Under the trial court's reasoning, a defendant in a SLAPP suit who has been dismissed from that suit after filing a section 425.16 motion to strike, must jump through an additional hoop to obtain attorney's fees and costs—a motion under section 128.7—even though section 425.16 already provides for an award of those expenses. Such a requirement, even if it were workable (which, as discussed below, it is not), would prolong both the defendant's predicament and the plaintiff's outrageous behavior.

Section 128.7 is not a viable alternative to the attorney's fees and costs relief afforded by section 425.16. First, under subdivision (c) (1) of section

---

"(4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

"(c) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to [certain] conditions [set out in section 128.7], impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation. . . .

"(1) *A motion for sanctions* under this section shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). Notice of motion *shall be served, . . . but shall not be filed with or presented to the court unless, within 30 days after service of the motion, or such other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.* If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. . . .
" . . . . . . . . . . . . . . . . . . . . . .

"(d) A sanction imposed for violation of subdivision (b) shall be limited to what is sufficient to deter repetition of this conduct or comparable conduct by others similarly situated. Subject to the limitations [set out in this subdivision], the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, . . . an order directing payment . . . of some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation." (Italics added.)

128.7 (see fn. 2, *ante*), a SLAPP defendant cannot even file a section 128.7 motion with the court if the plaintiff has, within 30 days of being served with such motion, dismissed the defendant from the suit, since the dismissal has the effect of withdrawing the challenged complaint. Second, whereas section 425.16 *requires* the court to award fees and costs to a defendant who prevails on a motion to strike brought under that section, section 128.7 gives the court discretion as to what, if any, sanction it will impose on a litigant. (§ 128.7, subds. (c)(1) & (d).) Thus under section 128.7, it is possible for the plaintiff in a SLAPP suit to file its meritless complaint with impunity by simply dismissing the SLAPP defendant within 30 days of being served with a section 128.7 motion. A reading of section 425.16 clearly shows that the Legislature envisioned *actual relief* for SLAPP defendants when it drafted that statute.

We conclude the trial court's decision works a nullification of an important provision of section 425.16. We hold that a defendant who is voluntarily dismissed, with or without prejudice, after filing a section 425.16 motion to strike, is nevertheless entitled to have the merits of such motion heard as a predicate to a determination of the defendant's motion for attorney's fees and costs under subdivision (c) of that section. Therefore, the order denying Moore's motion for fees and costs must be reversed and the case remanded for further proceedings on Moore's motion to strike.[3]

### 2. *Coltrain v. Shewalter Does Not Require a Different Result*

*Coltrain* v. *Shewalter* (1998) 66 Cal.App.4th 94 [77 Cal.Rptr.2d 600] (*Coltrain*) also grappled with the issue of a defendant's section 425.16 claim to fees and costs when the plaintiff has dismissed its suit prior to the hearing on the defendant's section 425.16 motion to strike the complaint. *Coltrain* held that in such a situation, "the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under Code of Civil Procedure section 425.16, subdivision (c)." (66 Cal.App.4th at p. 107.) "In making that determination," said the *Coltrain* court, ". . . the critical issue is which party realized its objectives in the litigation. Since the defendant's goal is to make the plaintiff go away with its tail between its legs, ordinarily the prevailing party will be the defendant. The plaintiff, however, may try to show it actually dismissed because it had

---

[3]It is the general rule that once a person is dismissed from a lawsuit she is no longer a party to it and the court lacks jurisdiction to conduct further proceedings respecting her. (*Frank Annino & Sons Construction, Inc.* v. *McArthur Restaurants, Inc.* (1989) 215 Cal.App.3d 353, 357 [263 Cal.Rptr.2d 592].) "However, courts have carved out a number of exceptions to this rule in order to give meaning and effect to a former party's statutory rights. Even after a party is dismissed from the action [s]he may still have collateral statutory rights which the court must determine and enforce. These include the right to statutory costs and attorney's fees . . . . [Citations.]" (*Ibid.*)

substantially achieved its goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the probability of success on the merits." (*Ibid.*) The court stated that "regardless of whether the action is a SLAPP suit or not, the plaintiff may have good-faith reasons for the dismissal that have nothing to do with oppressing the defendant or avoiding liability for attorney's fees." (*Ibid.*)

We respectfully disagree with *Coltrain*'s reasoning on this point. To begin with, if the plaintiff in a SLAPP suit "substantially achieved its goals through a settlement or other means," then the plaintiff succeeded in "chill[ing] the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances" (§ 425.16, subd. (a)), since that is the purpose of a SLAPP suit. Also, in a SLAPP, it is quite possible that the plaintiff is not worried the defendant might be insolvent, since the focus of the SLAPP is to chill speech and/or the petitioning of government, not necessarily to line the plaintiff's pockets with the defendant's money.

Moreover, section 425.16 specifically provides for attorney's fees and costs (1) to a defendant, if the defendant prevails on a motion to strike, and (2) to a plaintiff, if it can be said that the defendant's motion to strike "is frivolous or is solely intended to cause unnecessary delay" (§ 425.16, subd. (c)). Under the terms of subdivision (c), the critical issue is the merits of the defendant's motion to strike. This is as it should be. Persons who threaten the exercise of another's constitutional rights to speak freely and petition for the redress of grievances should be adjudicated to have done so, not permitted to avoid the consequences of their actions by dismissal of the SLAPP suit when a defendant challenges it. An adjudication in favor of the defendant on the merits of the defendant's motion to strike provides both financial relief in the form of fees and costs, as well as a vindication of society's constitutional interests.

Therefore, the trial court's adjudication of the merits of a defendant's motion to strike is an essential predicate to ruling on the defendant's request for an award of fees and costs. An award of these expenses under section 425.16 is only justified when a defendant demonstrates that plaintiff's action falls within the provisions of subdivision (b) and the plaintiff is unable to establish a reasonable probability of success. (*Church of Scientology* v. *Wollersheim* (1996) 42 Cal.App.4th 628, 653-655 [49 Cal.Rptr.2d 620].) Until a court determines that these circumstances exist, a moving defendant is not entitled to its fees and costs under section 425.16. If such a judicial determination were not first required, and a fair procedural opportunity to obtain it allowed, then a plaintiff's voluntary dismissal of the action could have the effect of (1) depriving a true SLAPP defendant of statutorily authorized fees, or (2) entitling a defendant to such relief in a non-SLAPP

action which was dismissed by the plaintiff for entirely legitimate reasons. In both situations, the purpose of the statute's remedial provisions would be frustrated.

Thus, we do agree with the *Coltrain* court's conclusion that a plaintiff's voluntary dismissal of a suit, after a section 425.16 motion to strike has been filed, neither automatically precludes a court from awarding a defendant attorney's fees and costs under that section, nor automatically requires such an award. The *Coltrain* court observed that if the former result were true, "SLAPP plaintiffs could achieve most of their objective with little risk—by filing a SLAPP suit, forcing the defendant to incur the effort and expense of preparing a special motion to strike, then dismissing the action without prejudice. The specter of the action being refiled (at least until the statute of limitations had run) would continue to have a significant chilling effect on the defendant's exercise of its First Amendment rights. At that point, the plaintiff would have accomplished all the wrongdoing that triggers the defendant's eligibility for attorney's fees, but the defendant would be cheated of redress. [¶] On the other hand, these policies likewise do not support [the argument] that a voluntary dismissal while a special motion to strike is pending should automatically entitle a defendant to attorney's fees. At that point, there has been no judicial determination that the action is in fact a SLAPP suit." (*Coltrain, supra,* 66 Cal.App.4th at pp. 106-107, italics omitted.)

3. *Moore Was Not Entitled to Attorney's Fees Under Sections 1032 and 1033.5*

 Moore's alternative argument asserts the trial court should have awarded her attorney's fees pursuant to sections 1032 and 1033.5 when the defendants dismissed their cross-complaint against her. Her analysis is as follows. First, subdivision (a)(4) of section 1032 provides that as used in that section, the term "prevailing party" includes, among other litigants, "a defendant in whose favor a dismissal is entered," and Moore is therefore a prevailing party for purposes of section 1032. Second, subdivision (b) of section 1032 states: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding," and therefore Moore, as a prevailing party, is entitled to recover costs in defendants' cross-complaint suit against her. Third, under section 1033.5, subdivision (a)(10)(B), attorney's fees are deemed to be costs if authorized by contract, *statute,* or law. Fourth, section 425.16 is a statute which authorizes attorney's fees. Fifth, Moore is therefore entitled to section 425.16 attorney's fees as an item of costs because she is the prevailing party since this suit against her was dismissed.

Moore's analysis is flawed because while section 425.16 does authorize attorney's fees, it specifically states the defendant only receives such fees if

the defendant prevails *on the motion to strike.* Thus, a dismissed defendant's receipt of attorney's fees under section 425.16 is grounded on the defendant having prevailed on her motion to strike, not on her having been dismissed from a SLAPP suit. Therefore, attorney's fees are not automatic under section 1032 if a defendant is dismissed from what she contends is a SLAPP suit.

This result is in keeping with the stated purpose of section 425.16. That is, it is entirely possible that a plaintiff who is served with a section 425.16 motion to strike actually filed a *legitimate suit,* not a SLAPP. Permitting the defendant in such a suit to recover attorney's fees under section 1032 merely because the plaintiff dismissed the action would not further the Legislature's intent of discouraging true SLAPP plaintiffs. However, we note that while a defendant who is dismissed from what is judicially determined to be a non-SLAPP lawsuit may not recover attorney's fees under sections 1032 and 1033.5, such a defendant is nonetheless a "prevailing party" under section 1032 for purposes of recovering *applicable* costs under section 1033.5.

### 4. *It Is Yet to Be Determined Whether Moore Is Entitled to Attorney's Fees for Prevailing in This Appeal*

 Lastly, we address Moore's contention that she is entitled to attorney's fees for prevailing in this appeal. Moore cites *Church of Scientology* v. *Wollersheim, supra,* 42 Cal.App.4th at pages 659-660 to support her position. However, that case is distinguishable on its procedural facts because when the appeal was filed therein, the defendant had already been judicially determined, in the trial court, to be the victim of a SLAPP suit. The reviewing court affirmed the trial court's determination and also awarded the defendant attorney's fees on appeal. In awarding such fees, it applied the rule that when a statute authorizes a trial court to award attorney's fees, the statute also permits an award of appellate attorney's fees unless the statute specifically provides otherwise.

Section 425.16 does not prohibit an award of appellate attorney's fees. However, it specifically states that a defendant is only entitled to attorney's fees if he or she prevails on the motion to strike the complaint. Therefore, if Moore prevails on her motion to strike, upon our remand of this case for hearing on that motion, the trial court shall award reasonable attorney's fees to her for her trial court efforts (both before and after this appeal), and her efforts in this appeal.

At this stage of the proceedings, however, Moore finds herself in a situation which is similar to that of a litigant who has succeeded in securing the reversal of a summary judgment on appeal. In such a case, attorney's

fees are not awardable to the litigant at that time under section 1021.5 (the private attorney general statute) or under Civil Code section 1717 (providing for reciprocal contractual attorney's fees). Rather, the issue of the right to attorney's fees for the successful appeal is deferred until the final resolution of the merits of the case. (*Urbaniak* v. *Newton* (1993) 19 Cal.App.4th 1837, 1844-1845 [24 Cal.Rptr.2d 333] [private attorney general statute]; *Presley of Southern California* v. *Whelan* (1983) 146 Cal.App.3d 959 [196 Cal.Rptr. 1] [Civ. Code, § 1717 fees]; accord, *Lindenstadt* v. *Staff Builders, Inc.* (1997) 55 Cal.App.4th 882, 894, fn. 9 [64 Cal.Rptr.2d 484] [binding arbitration agreement calling for attorney's fees to party prevailing in arbitration].) Thus, under these statutes, including section 425.16, while Moore may ultimately be entitled to an award of attorney's fees, an award for this *interim* appellate success would be premature. Of course, Moore is entitled to her other appellate costs, under section 1034 and California Rules of Court, rule 26, because such costs do not depend on her status as the prevailing party on the motion to strike, but rather on her having prevailed in this appeal. However, as already noted, if Moore is ultimately determined to be the prevailing party on her motion, any award of attorney's fees under section 425.16, subdivision (c), shall also include the fees incurred in prosecuting this appeal.

### DISPOSITION

The order denying Moore's motion for attorney's fees is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.[4] Costs on appeal to Moore.

Kitching, J., and Aldrich, J., concurred.

A petition for a rehearing was denied February 22, 1999.

---

[4]We call the trial court's attention to the Supreme Court's decision in *Briggs* v. *Eden Council For Hope and Opportunity* (1999) 19 Cal.4th 1106 [81 Cal.Rptr.2d 471, 969 P.2d 564], where the court noted that the 1997 legislative amendment to section 425.16 mandates a *broad construction* of that section, and construed the section to protect "not just statements or writings on *public* issues, but all statements or writings made before, or in connection with issues under consideration by, official bodies and proceedings . . . ." (19 Cal.4th at p. 1119, italics added.) Although this amendment was made to section 425.16 after the trial court ruled on Moore's request for fees and costs, it is nonetheless properly applied to an existing cause of action. (19 Cal.4th at p. 1119, fn. 7.)