NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVANS HOTELS, LLC, a California limited liability company; et al., | No. 23-55692 |
| Plaintiffs-Appellants, | D.C. No. 3:18-cv-02763-RSH-AHG |
| v. | |
| UNITE HERE! LOCAL 30; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| EVANS HOTELS, LLC, a California limited liability company; et al., | No. 23-55728 |
| Plaintiffs-Appellees, | D.C. No. 3:18-cv-02763-RSH-AHG |
| v. | |
| UNITE HERE! LOCAL 30; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Argued and Submitted November 7, 2024
Pasadena, California

_____

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER, CALLAHAN, and DE ALBA, Circuit Judges.
Partial Dissent by Judge CALLAHAN.

Evans Hotels, LLC; BH Partnership LP; and EHSW, LLC (collectively "Evans") appeal from the district court's order dismissing with prejudice Evans' third amended complaint against Unite Here! Local 30; Brigette Browning; San Diego County Building and Construction Trades Council, AFL-CIO (the "Trades Council"); and Tom Lemmon (collectively the "Unions") and from the district court's order denying its motion for leave to file a fourth amended complaint.

The Unions cross-appeal from the district court's order denying their motion for attorneys' fees and costs under Cal. Civ. Proc. Code § 425.16. We have jurisdiction under 28 U.S.C. § 1291. We reverse the dismissal of Evans' claim for secondary boycott in violation of 29 U.S.C. § 158(b)(4)(ii)(B), and affirm the dismissal of Evans' remaining claims with prejudice. We affirm the order denying Evans' motion for leave to file a fourth amended complaint. We reverse the order denying the Unions' motion for attorneys' fees under Cal. Civ. Proc. Code § 425.16, and remand for the district court to determine whether the Unions achieved any practical benefit in bringing the motion.

### *Noerr-Pennington* Doctrine

The *Noerr-Pennington* doctrine shields the Unions from statutory liability for their efforts to oppose the lease amendment before the Mayor of San Diego and the San Diego City Council. *See Relevant Grp., LLC v. Nourmand*, 116 F.4th 917,

2

927 (9th Cir. 2024). The doctrine also shields the Unions from liability for their threats to raise administrative and legal challenges to the Bahia redevelopment. *See United States v. Koziol*, 993 F.3d 1160, 1171 (9th Cir. 2021).

*Edward J. DeBartolo Corp. v. Florida Gulf Coast Building and Construction Trades Council*, 485 U.S. 568 at 575-576 (1988), forecloses Evans' contention that claims for secondary boycott in violation of Section 8(b)(4)(ii) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(b)(4)(ii), do not implicate the First Amendment or *Noerr-Pennington* doctrine. Evans' reliance on *International Brotherhood of Electrical Workers, Local 501 v. NLRB*, 341 U.S. 694 (1951) is misplaced as that case addressed Section 8(b)(4)(i) rather than Section 8(b)(4)(ii).

Evans fails to plead facts sufficient to show the sham exception applies to the Unions' lobbying before the Mayor and City Council. "[P]etitioning may be considered a 'sham' only where the petitioner uses 'the governmental process—as opposed to the outcome of that process—as an anticompetitive weapon.'" *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1095 (9th Cir. 2000) (quoting *City of Columbia v. Omni Outdoor Adver., Inc.*, 499 U.S. 365, 380 (1991)). In addition, the petitioning must "lack objective reasonableness," *Prof. Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 57 (1993) (*PREI*), which means that the petitioner cannot reasonably expect to secure

3

favorable government action. Here, the Unions successfully petitioned the Mayor and City Council to decline approving the Bahia lease amendment. Because Evans has failed to allege that this harm was caused by legislative process, rather than the outcome of the process, the Unions' lobbying activity does not fall within the sham exception. *See id.*

Evans similarly fails to plead facts sufficient to show the sham exception applies to the Unions' threats to raise administrative and legal challenges to the Bahia redevelopment. At best, Evans alleges that one argument the Unions threatened to raise may not have prevailed. Evans does not show the remaining arguments the Unions threatened to raise in opposition to the project were baseless, nor that the threatened litigation was "so baseless that no reasonable litigant could realistically expect to secure favorable relief." *See PREI*, 508 U.S. at 62.

Evans does not plead facts showing the serial sham exception applies to the Unions' conduct. *See USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Constr. Trades Council*, 31 F.3d 800, 811 (9th Cir. 1994). Evans alleges the Unions raised administrative challenges to, or filed lawsuits seeking to block, eight different development projects between 2007 and 2018. Evans was not a party to any of those proceedings. These allegations are not sufficient to plausibly show the prior challenges "effectively 'bar[red]'" it or any other developer "from meaningful access to adjudicatory tribunals and so . . . usurp[ed] the decision-making process,"

4

as necessary to establish the exception. *See PREI*, 508 U.S. at 58 (quoting *Cal. Motor Transp. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972)).

Evans does plead facts sufficient to show the sham exception applies to the Unions' threats to raise administrative challenges to Sea World's future attractions to pressure SeaWorld to cease doing business with Evans. Construing the allegations in the light most favorable to Evans, the Unions sought to use the governmental process, rather than the outcome of that process, to coerce SeaWorld. *See Koziol*, 993 F.3d at 1171-72. Further, the threat was objectively baseless as the Unions neither knew which attractions SeaWorld intended to build nor did they intend to follow through on their threat. Therefore, they could not have reasonably expected to secure favorable government action.

**Claims for Secondary Boycott in Violation of the NLRA**

Evans states a claim against the Unions for secondary boycott in violation of 29 U.S.C. § 158(b)(4)(ii)(B). Evans alleges the Unions threatened to oppose SeaWorld's future park attractions, with the "object thereof" to force SeaWorld to cease doing business with Evans. 29 U.S.C. § 158(b)(4)(ii).[1]

Evans does not state a claim for secondary boycott in violation of 29 U.S.C.

---

[1]     Because Evans states a claim based on the Unions' threats to oppose SeaWorld's future park attractions, we need not decide whether Evans independently stated a claim for relief based on the Unions' other alleged threats to SeaWorld.

§ 158(b)(4)(ii)(A).  For the reasons discussed, the *Noerr-Pennington* doctrine protects the Trades Council from statutory liability for the conduct alleged in support of the claim.

**Sherman Act Claims**

Evans does not state a claim for attempted monopolization, or conspiracy to monopolize, in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.  To monopolize a relevant market or have a dangerous probability of success, *see Optronic Tech., Inc. v. Ningbo Sunny Elec. Co.*, 20 F.4th 466, 481 (9th Cir. 2021), the defendant generally must compete in the relevant market.  *See Name.Space, Inc. v. Internet Corp. for Assigned Names and Numbers*, 795 F.3d 1124, 1131 (9th Cir. 2015).

Evans defines the relevant market as the "the market for luxury destination resorts in the cities of San Diego and Coronado . . . ."  Evans does not plead facts showing the Unions compete in that market.  The Unions do not operate luxury resorts nor provide the services offered by luxury resorts.  Evans' contention that the Unions "dictate entry and expansion" in the luxury resort market is immaterial. *See Name.Space*, 795 F.3d at 1131.

Evans' reliance on *Connell Construction Co. v. Plumbers Local Union No. 100*, 421 U.S. 616 (1975), and *United Mine Workers v. Pennington*, 381 U.S. 657 (1965), is also misplaced.  Neither case stands for the proposition that a labor

6

organization may violate Section 2 of the Sherman Act where it does not compete in, or at least conspire with someone who competes in, the relevant market. *See Connell*, 421 U.S. at 637; *Pennington*, 381 U.S. at 665-66.

**Motion for Leave to File Fourth Amended Complaint**

The district court did not abuse its discretion in denying Evans leave to file a fourth amended complaint. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014). The record supports the district court's determination that Evans unduly delayed in seeking to add a new Sherman Act claim. *See Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). The record also supports the district court's determination that the amendment would prejudice the Unions, who would incur additional expense "through the time and expense of continued litigation on a new theory." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (quoting *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973)).

**Cross-Appeal**

The district court erred in ruling the Unions were not entitled to fees and costs under Cal. Civ. Proc. Code § 425.16(c) solely because the Unions' anti-SLAPP motion was no longer pending when the Unions filed their fee motion. Under California law, "when a plaintiff dismisses his or her complaint while the defendant's special motion to strike is pending, courts . . . retain jurisdiction" to

7

award fees and costs. *Ross v. Seyfarth Shaw LLP*, 314 Cal. Rptr. 3d 549, 557 (Cal. Ct. App. 2023). While Evans did not dismiss its claims while the Unions' anti-SLAPP motion was pending, the circumstances were analogous. After the court dismissed Evans' state law claims with leave to amend, Evans abandoned them by failing to assert them in its third amended complaint. *See Graham-Sult v. Clainos*, 756 F.3d 724, 753 (9th Cir. 2014). Evans' reliance on *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081 (9th Cir. 2004) is misplaced, as the *Verizon* court did not address whether a defendant may obtain fees and costs under Section 425.16(c) when it seeks to strike an amended complaint.

Where a plaintiff abandons its claims after the defendant files an anti-SLAPP motion, the defendant is entitled to fees and costs if it would have prevailed on the merits of its motion. *See Moore v. Liu*, 81 Cal. Rptr. 2d 807, 812 (Cal. Ct. App. 1999). Where, as here, a plaintiff pleads a "'mixed cause of action' — that is, a cause of action that rests on allegations of multiple acts," courts evaluate "each act or set of acts supplying a basis for relief, of which there may be several in a single pleaded cause of action — to determine whether the acts are protected . . . ." *Bonni v. St. Joseph Health Sys.*, 491 P.3d 1058, 1066 (Cal. 2021).

Here, the Unions would have partially prevailed on their anti-SLAPP motion. Section 425.16 protects the Unions' alleged threats to raise administrative and legal challenges to the Bahia redevelopment. *See* Cal. Civ. Proc. Code §

8

425.16(e)(2). Therefore, the Unions would have prevailed in striking these allegations from the state law claims.[2] However, the Unions would not have prevailed in striking their alleged threats to organize SeaWorld's employees, and to raise administrative challenges to SeaWorld's future park attractions. The Unions do not contend Section 425.16 protects the former threat, and Section 425.16 does not protect the latter threat. *See People ex rel. Fire Ins. Exch. v. Anapol*, 150 Cal. Rptr. 3d 224, 236 (Cal. Ct. App. 2012).

A defendant who partially prevails on an anti-SLAPP motion is generally the prevailing party, unless there is a determination that that party achieved no practical benefit from bringing the motion. *Mann v. Quality Old Time Serv. Inc.*, 42 Cal. Rptr. 3d 607, 614 (Cal. Ct. App. 2006). "The determination . . . lies within the broad discretion of a trial court." *Id.* We remand for the district court to make the determination in the first instance.[3]

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.[4]**

---

[2]   Evans does not contend its state law claims had merit, and therefore, fails to meet its burden under the second step of the anti-SLAPP analysis.

[3]   Because we remand for the district court to determine whether the Unions would have achieved any practical benefit, we do not consider whether the Unions would have prevailed in seeking to strike the remaining allegations supporting the state law claims. The district court should make this determination on remand.

[4]   Evans' motion for judicial notice, Docket No. 21, is denied as unnecessary to the disposition.



*Evans Hotels, et al. v. UNITE HERE! LOCAL 30, et al.*, Nos. 23-55692, 23-55728

CALLAHAN, Circuit Judge, dissenting in part:

I concur in memorandum disposition with the exception that I would not affirm the dismissal of Evans' NLRA § 8(b)(4)(ii)(A) claim based on the Unions' alleged threats to file legal challenges to the Bahia redevelopment project. In my view, the Unions do not enjoy *Noerr-Pennington* immunity for those threats because the operative complaint adequately alleges that the Unions made the threats "pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring [others]." *USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Constr. Trades Council*, 31 F.3d 800, 811 (9th Cir. 1994).

The memorandum disposition concludes that Evans was required to allege an additional element to trigger application of the serial sham petitioning exception: that the Unions' legal proceedings "effectively barred" Evans or others "from meaningful access to adjudicatory tribunals." Mem. Dispo. at 4 (cleaned up). I respectfully disagree. When a party files a series of lawsuits without regard to the merits and "not out of a genuine interest in redressing grievances, but as part of a pattern or practice of successive filings undertaken essentially for purposes of harassment," it has engaged in serial sham petitioning, and its conduct is not protected. *USS-POSCO*, 31 F.3d at 811; *see id. at* 804, 810-11 (clarifying when the serial sham petitioning exception applies and concluding that plaintiffs' allegations

1

that defendant unions filed legal proceedings "to cause such delay and expense that future project owners would only hire unionized contractors and subcontractors" would have been "sufficient" but for the unions' record of success in those proceedings).

Accordingly, I would vacate the dismissal of Evans' NLRA § 8(b)(4)(ii)(A) claim and remand for further consideration whether Evans' allegations are sufficient to state a claim.