Filed 11/3/25  Sahar v. Miller CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOSEPH SAHAR et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>RAYMOND MILLER et al.,<br><br>    Defendants and Respondents. | A167830<br><br>(Contra Costa County<br>Super. Ct. No. C22-00737) |

Joseph Sahar, Nathan Sahar, and Michele Sahar (jointly, plaintiffs) voluntarily dismissed their complaint after Raymond Miller filed a special motion to strike pursuant to the anti-SLAPP statute, Code of Civil Procedure section 425.16[1] (anti-SLAPP motion).  Following the dismissal, Miller moved for attorney's fees and costs pursuant to the same statute.  The trial court granted the motion.

Plaintiffs appeal from that order, arguing the trial court erred by permitting Miller to seek fees in what they characterize as a "closed action." They further contend the record establishes they would have prevailed on the merits of their prior claims.  We are not persuaded and affirm the trial court's order.

_____

[1] All undesignated statutory references are to the Code of Civil Procedure.

1

On March 23, 2022, plaintiffs placed into the Wakefield Taylor Courthouse drop box a complaint against Miller and his client, Said Shefayee (March complaint). That complaint arose from a prior case (*Shefayee Jr. v. Sahar et al.*, Super. Ct. Contra Costa County, 2018, No. C18-01416) in which Miller represented Shefayee in claims alleging unpaid wages, unpaid overtime, and other Labor Code violations. The March complaint alleged causes of action for (1) malicious prosecution, (2) abuse of process, (3) negligent infliction of emotional distress, (4) intentional infliction of emotional distress and (5) declaratory relief.

On April 18, 2022, plaintiffs filed a duplicative complaint (April complaint), explaining they were uncertain whether the March complaint had been accepted by the court. After serving the April complaint on Miller and Shefayee, plaintiffs received file-stamped copies of the March complaint but did not serve it at that time.

On June 7, 2022, Miller responded to the April complaint by filing an anti-SLAPP motion. Miller argued that the filing of a lawsuit constituted an act in furtherance of the constitutional right to petition, a protected activity under the statute. He further contended the prior action had not terminated in plaintiffs' favor, probable cause existed as demonstrated by the trial court's denial of plaintiffs' summary judgment motion in that action, and the litigation privilege barred all claims because they arose from his conduct in filing and maintaining the prior lawsuit.

Plaintiffs did not oppose the anti-SLAPP motion. Instead, on July 12, 2022, they voluntarily dismissed the action without prejudice. In August 2022, plaintiffs amended the March complaint, then served that amended pleading on Miller in October.

Following entry of the dismissal of the April complaint, Miller filed a motion for attorney's fees and costs pursuant to section 425.16. He argued (1) the anti-SLAPP statute mandates an award of attorney's fees to prevailing defendants, (2) he is presumptively the prevailing party because plaintiffs dismissed the complaint in response to the anti-SLAPP motion, and (3) plaintiffs failed to rebut that presumption.

Plaintiffs opposed the motion, asserting Miller had not demonstrated any entitlement to fees apart from claiming he was the prevailing party. They further contended the motion lacked relevant factual background, relied on conclusory allegations, and cited no legal authority establishing Miller as a prevailing party.

The trial court granted Miller's motion for attorney's fees and costs. In so doing, the court found all the claims against Miller arose from protected activity—namely, his filing and prosecution of the prior lawsuit. The court also found plaintiffs failed to demonstrate a probability of prevailing under the anti-SLAPP statute's second prong as—apart from the malicious prosecution claim—their claims were based on communications made in a judicial proceeding and thus barred by the litigation privilege. In addition, the court found probable cause existed for the prior action because plaintiffs' motion for summary judgment was denied on all but one claim.

Accordingly, the court determined Miller was the prevailing party under section 425.16 and awarded $13,555 in attorney's fees and costs. Plaintiffs timely appealed.

## DISCUSSION

Plaintiffs raise two arguments on appeal. First, they assert the court could not consider the motion for attorney's fees after they dismissed the action. Second, they contend the court erred in granting fees because they

3

would have prevailed on the merits of the prior action had the case not been dismissed. We disagree.

## I. Special Motions To Strike

A SLAPP suit is one in which a plaintiff "seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055 (*Rusheen*).) SLAPP suits may be disposed of summarily by a special motion to strike under section 425.16, which is "a procedure where the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192.) The statute provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

Subdivision (e)(2) of section 425.16 identifies a general category of protected activities of petition or free speech, namely, "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law."

While not all attorney conduct undertaken in connection with litigation is protected by section 425.16, courts "have adopted 'a fairly expansive view of what constitutes litigation-related activities.' " (*Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 113.) And, generally, courts have held " '[t]he filing of lawsuits is an aspect of the First

4

Amendment right of petition' [citation], and thus is a protected activity under the anti-SLAPP statute." (*Sheley v. Harrop* (2017) 9 Cal.App.5th 1147, 1165–1166; *Rusheen, supra*, 37 Cal.4th at p. 1056 [acts in furtherance of the right of petition include "communicative conduct such as the filing, funding, and prosecution of a civil action."].)

## II.  Impact of Dismissal

Plaintiffs argue that their voluntary dismissal of the April complaint rendered the case closed and left the court without authority to consider any subsequent filings, including Miller's motion for attorney's fees and costs. Relevant authority holds otherwise.

As a threshold matter, plaintiffs cite no authority supporting their position.  "Appellate briefs must provide argument and legal authority for the positions taken.  'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)  Plaintiffs' failure to present supporting authority or meaningful analysis forfeits their claim that dismissal precluded the trial court from considering Miller's fee motion.

Even if we were to reach the merits, plaintiffs' argument fails.  Section 425.16, subdivision (c)(1) provides that "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs."  Consistent with that mandate, courts have held that when a plaintiff voluntarily dismisses an action while an anti-SLAPP motion is pending, the trial court loses jurisdiction to decide the merits of the motion but retains limited jurisdiction to award attorney's fees and costs.  (*Law Offices of Andrew L. Ellis v. Yang* (2009) 178 Cal.App.4th 869, 879; *Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.* (2004) 122 Cal.App.4th

5

1049, 1054 ["It is settled that a plaintiff may not avoid liability for attorney fees and costs by voluntarily dismissing a cause of action to which a SLAPP motion is directed." (Italics omitted.)].)  This rule preserves the statute's deterrent purpose by preventing plaintiffs from avoiding fee liability through strategic or last-minute dismissals.  (*Ross v. Seyfarth Shaw LLP* (2023) 96 Cal.App.5th 722, 733 (*Ross*).)  Accordingly, the court acted within its jurisdiction in considering and granting Miller's motion for attorney's fees and costs.

## III. Prevailing Party

Not every defendant who obtains some relief on a special motion to strike is a " 'prevailing defendant' " entitled to attorney's fees and costs under the anti-SLAPP statute.  (*Ross*, *supra*, 96 Cal.App.5th at p. 732.)  Courts have developed two distinct frameworks for determining whether a preadjudication dismissal renders a defendant the "prevailing party" for purposes of section 425.16, subdivision (c)(1).

In *Coltrain v. Shewalter* (1998) 66 Cal.App.4th 94 (*Coltrain*), the Fourth District Court of Appeal held that an award of attorney's fees following a voluntary dismissal is discretionary and turns on whether the moving party "realized its objectives in the litigation." (*Id*. at p. 107.)  A voluntary dismissal creates a rebuttable presumption that the defendant prevailed, but the plaintiff may overcome that presumption by showing the dismissal occurred for reasons unrelated to the probability of success on the merits—such as through a settlement, because the defendant was insolvent, or for other extrinsic reasons.  (*Ibid*.; see also *Ross*, *supra*, 96 Cal.App.5th at p. 733.)  Under *Coltrain*, courts need not assess the merits of the anti-SLAPP motion to determine prevailing party status.  (*Ross*, at p. 733; *Coltrain*, at p. 107.)

6

The Second District Court of Appeal adopted a different approach in *Liu v. Moore* (1999) 69 Cal.App.4th 745 (*Liu*). *Liu* directs courts to consider the merits of the filed anti-SLAPP motion and determine prevailing party status based on whether the motion would have been successful had it been adjudicated. (*Id*. at p. 752.) This approach ensures fee awards align with the substantive purpose of section 425.16—to deter meritless claims targeting protected activity. (See *Liu*, at p. 752; *Tourgeman v. Nelson & Kennard* (2014) 222 Cal.App.4th 1447, 1457.)

We find the reasoning in *Liu* persuasive and consistent with the statute's objectives. As the trial court did here, we evaluate whether the anti-SLAPP motion would have succeeded on the merits in determining whether a fee award was appropriate. Our review is de novo. (*Grewal v. Jammu* (2011) 191 Cal.App.4th 977, 988.)

## A. Protected Activity

An anti-SLAPP motion proceeds in two distinct steps. First, the moving defendant must establish that the challenged claim arises from protected activity. (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009.) Second, if that burden is met, the plaintiff must show its claim has " 'at least "minimal merit." ' " (*Ibid*.) The court will strike the claim if the plaintiff fails to make this showing. (*Ibid*.)

Plaintiffs acknowledge " '[a] malicious prosecution action arises from protected activity under the anti-SLAPP statute,' " and the "sole basis" for Miller's motion was his assertion that filing a lawsuit constituted protected activity. They do not dispute this prong; instead, plaintiffs focus their challenge on the second prong of the analysis, i.e., plaintiffs demonstrated a likelihood of prevailing on the merits.

7

## B. Likelihood of Success on Merits

To prevail on the second prong, plaintiffs were required to make a prima facie showing that they could succeed on the merits of their claims. While a plaintiff's burden may not be high, he or she must demonstrate that the claim is legally sufficient. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 93.) And a plaintiff must show that the claim is supported by " 'competent and admissible evidence.' " (*Hecimovich v. Encinal School Parent Teacher Organization* (2012) 203 Cal.App.4th 450, 469; *Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 [plaintiff must show that its claims are "legally sufficient and factually substantiated," and the court must determine whether this "showing, if accepted by the trier of fact, would be sufficient to sustain a favorable judgment"].)

### 1. Malicious Prosecution

To prevail on a claim for malicious prosecution, a plaintiff must plead and prove three elements: (1) the defendant initiated a prior action that was terminated in the plaintiff's favor; (2) the prior action lacked probable cause; and (3) the action was initiated with malice. (*Citi–Wide Preferred Couriers, Inc. v. Golden Eagle Ins. Corp.* (2003) 114 Cal.App.4th 906, 911.) As relevant here, plaintiffs contend they established a lack of probable cause. We disagree.

The existence of probable cause is a question of law, determined objectively, asking whether any reasonable attorney would agree the prior action was completely without merit. (*Kinsella v. Kinsella* (2020) 45 Cal.App.5th 442, 455 (*Kinsella*).) A plaintiff is without probable cause for his or her action if it is based upon facts the plaintiff has no reasonable basis to believe are true, or based upon a legal theory that is untenable under the facts known to the plaintiff. (*Ibid.*)

8

Here, the trial court found probable cause existed to defeat the malicious prosecution claim because plaintiffs' motion for summary judgment and summary adjudication of multiple claims in the prior action was denied.[2] That determination is dispositive. "California courts have long held that victory in the trial court, even if reversed on appeal, conclusively establishes the requisite probable cause to have brought the prior action." (*Kinsella, supra*, 45 Cal.App.5th at p. 455.) And denial of a summary judgment motion in the prior action establishes that the claims were not completely unmeritorious. (*Ibid.*; *Hutton v. Hafif* (2007) 150 Cal.App.4th 527, 550.)

Plaintiffs do not dispute that their summary judgment motion was denied. Instead, they argue the lawsuit lacked probable cause because: (1) the prior complaint filed by Miller was unverified and lacked exhibits; (2) Miller's client, Shefayee, did not produce any employment-related documents; and (3) Shefayee failed to pursue discovery or otherwise prosecute the action. These assertions, however, do not address the central fact that Miller successfully defeated their summary judgment motion—an outcome that independently confirms the existence of probable cause.

Because the trial court's ruling demonstrates the prior claims could not have been " ' " 'totally and completely without merit,' " ' " plaintiffs have not shown a likelihood of success on their malicious prosecution claim. (*Kinsella, supra*, 45 Cal.App.5th at p. 455.)

## 2. **Abuse of Process**

To prevail on a claim for abuse of process, a plaintiff must show the defendant (1) acted with an ulterior motive in using the legal process, and

---

[2] While the court granted summary adjudication as to plaintiff Michele Sahar's fraudulent transfer cause of action, appellants do not address that particular claim on appeal and thus that portion of the ruling is not relevant to this analysis.

(2) committed a willful act in the use of that process that was improper in the regular course of the proceedings. (*Rusheen, supra*, 37 Cal.4th at p. 1057.) Plaintiffs contend Miller misused discovery in the prior lawsuit for " 'judgment enforcement' " and to "intimidate, harass and cause mental anguish and distress."

This argument overlooks the trial court's finding that the litigation privilege applies and bars the claim. The litigation privilege, codified in Civil Code section 47, provides that any "publication or broadcast" made in the course of any "judicial proceeding" is privileged, subject to certain exceptions not relevant here. (Civ. Code, § 47, subd. (b)(1).) The privilege functions as an absolute bar to all tort claims—other than malicious prosecution—that are based on communications made in or related to judicial proceedings. (*JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1522.) The privilege therefore serves as a substantive defense that plaintiffs must overcome to demonstrate a probability of prevailing. (*Ibid.*)

Nothing in the record suggests the privilege is inapplicable. To the contrary, plaintiffs' claim arises entirely from Miller's conduct in prosecuting the prior lawsuit—specifically, his use of discovery tools during litigation. Such conduct falls squarely within the scope of the litigation privilege, which " 'forecloses the pursuit of' the abuse of process cause of action" based on acts undertaken in the course of judicial proceedings. (*JSJ Limited Partnership v. Mehrban, supra*, 205 Cal.App.4th at p. 1523.)

Accordingly, the trial court correctly concluded that the litigation privilege precludes plaintiffs' abuse of process claim, and plaintiffs failed to demonstrate a probability of success on the merits.

### 3. Remaining Arguments

Plaintiffs make no effort to argue that they demonstrated a likelihood of success as to any other claims.  Instead, they conclusively assert: "Based on all of the content alleged herein and in the pleadings, the Appellants believe and assert that they were likely to prevail on the merits of those causes of action at this stage."  As explained above, points not supported by " 'reasoned argument and citations to authority' " are waived.  (*Nelson v. Avondale Homeowners Assn.*, *supra*, 172 Cal.App.4th at p. 862.)

And finally, plaintiffs assert the amount of attorney's fees awarded was excessive for the first time in their reply brief.  " '[A]rguments raised for the first time in a reply will not be considered.' "  (*Sandhu v. Board of Administration etc.* (2025) 108 Cal.App.5th 1048, 1080.)

### DISPOSITION

The order is affirmed.  Miller may recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

11

PETROU, J.

WE CONCUR:

TUCHER, P. J.

FUJISAKI, J.

A167830 / *Sahar v. Miller*